IN THE MATTER OF THE WILL OF MOLLIE PARKER, DECEASED

No. 847SC1149

(Filed 17 September 1985)

**1. Wills § 14— prosecution bond by caveator not authorized**

The propounder, not the caveator, functions as a plaintiff in a caveat proceeding, and the trial court thus had no discretion to require the caveator to post a prosecution bond pursuant to G.S. 31-34 in addition to the $200 bond required by G.S. 31-33.

**2. Rules of Civil Procedure § 41— failure to comply with erroneous order—no dismissal with prejudice**

A G.S. 1A-1, Rule 41(b) dismissal with prejudice for failure to comply with "any order of court" cannot be premised on a party's failure to comply with an erroneous order.

Judge PHILLIPS concurring in the result.

APPEAL by caveator from *Tillery, Judge.* Order entered 1 June 1984 in Superior Court, NASH County. Heard in the Court of Appeals 15 May 1985.

*Fields, Cooper, Henderson & Cooper, by Milton P. Fields, for propounder appellee.*

*Michael P. Peavey, for caveator appellant.*

BECTON, Judge.

I

This case presents an appeal from an order dismissing with prejudice the caveat of Lucille Carey to the alleged will of Mollie Parker. The factual and procedural history follows.

Mollie Parker died in Philadelphia, Pennsylvania on 3 January 1983, at the age of 81. She had apparently lived in Nash County, North Carolina, for most of her life. On 24 September 1982, she was taken from Wilson Memorial Hospital in Wilson, North Carolina, where she had been hospitalized since 7 August 1982, to Philadelphia, by her cousin, Lucille Carey. There was evidence that Carey had not visited with Parker in North Carolina for about 50 years prior to June 1982, when she learned of Parker's illness.

A will dated 15 January 1981 was admitted to probate in Nash County on 12 January 1983, naming Peoples Bank & Trust Company as executor of her estate and naming Vivian Garcia, a longtime friend of Parker's, as her sole beneficiary. Parker had no surviving children or spouse. A caveat to the will was filed by Carey on 26 January 1983, based in part upon a Pennsylvania probate of a will dated 28 August 1982. This subsequent will named Lucille Carey as sole beneficiary. Discovery ensued, and on 24 January 1984, pursuant to a 5 January 1984 motion made by Garcia, the trial court issued its order directing Carey to complete the citation of interested parties within 60 days, and to post an additional $5,000 bond as security for costs within 30 days. Garcia filed a subsequent motion to dismiss the caveat on the grounds of noncompliance with this order, and on 7 June 1984, the trial court entered the order which is the subject of this appeal. In this

order, the trial court found and concluded that Carey had failed to post the increased bond and failed to cite additional persons, and therefore dismissed the caveat with prejudice pursuant to N.C. Rules of Civil Procedure, Rule 41(b).

Carey, the caveator, appeals, alleging that (1) it was error to require her to post an increased prosecution bond, and that therefore (2) it was error to dismiss the caveat for failure to comply with an invalid order; (3) that it was error to dismiss the caveat because Rule 41(b) of the North Carolina Rules of Civil Procedure does not apply to a caveator in a caveat proceeding, and in the alternative, (4) that the order of involuntary dismissal was defective for failing to separately state necessary conclusions of law. For the following reasons, we reverse and remand.

## II

[1] In its order, the trial court ordered Carey to increase security for costs to $5,000 pursuant to N.C. Gen. Stat. Secs. 31-34 (1984) and 1-109 (1983). Carey contends that this was error because a prosecution bond cannot be required of a caveator in an action to contest a will. We agree.

In North Carolina, a propounder has the option to probate a will in either common form or solemn form. Common form is an *ex parte* proceeding, normally without notice except to the witnesses of the will. Solemn form, on the other hand, involves the citation of all interested persons to the probate proceeding. While both common and solemn form protect the will against collateral attacks, only solemn form protects against direct attacks. When a will has been probated in common form, a caveat is a demand that the propounder proceed in solemn form. N.C. Gen. Stat. Secs. 31-32 *et seq.* (1984).

N.C. Gen. Stat. Secs. 31-33 and 31-34 (1984) govern the posting of bonds in caveat proceedings. G.S. Sec. 31-33 provides that the clerk of a superior court is to transfer the cause to the superior court trial docket "[w]hen a caveator shall have given bond with surety approved by the clerk, in the sum of two hundred dollars ($200.00), payable to the propounder of the will, conditioned upon the payment of all costs which shall be adjudicated against such caveator in the superior court . . . ." A caveat filed without compliance with this bond requirement is not a valid at-

tack upon the will. *See In re Will of Winborne,* 231 N.C. 463, 57 S.E. 2d 795 (1950). In this case, the evidence is undisputed that caveator Carey filed proper security in the amount of $200 under G.S. Sec. 31-33. What is in dispute is whether the trial judge had the discretionary authority to increase the caveator's $200 bond under G.S. Sec. 31-34, which reads, in its entirety:

> When any action is instituted to contest a will the clerk of the superior court will require the prosecution bond required in other civil actions: Provided, however, that provisions for bringing suit in forma pauperis shall also apply to the provisions of this section.

G.S. Sec. 31-34 was enacted in 1937. We have found no reported cases construing this statute. The leading treatise on North Carolina wills, N. Wiggins, *Wills and Administration of Estates in N.C.* (2d ed. 1983) does not mention it. Unlike G.S. Sec. 31-33, the language of the statute does not make plain that it applies to caveators, stating only that a prosecution bond is required as in all civil actions. As a prosecution bond is, by definition, only required of a plaintiff in a civil action, N.C. Gen. Stat. Sec. 1-109 (1983), the inquiry naturally arises whether, in a proceeding in solemn form, the propounder or caveator occupies the position of a plaintiff and thus could be liable for a prosecution bond.

Although a caveat proceeding is an *in rem* proceeding without a plaintiff and a defendant as such, it is the propounder who has the initial burden of proof, namely, to prove that the instrument in question was executed with proper formalities required by law. Once this has been established, the burden shifts to the caveator to show that the execution of the will was procured by undue influence. *In re Will of Coley,* 53 N.C. App. 318, 280 S.E. 2d 770 (1981). In addition, like a plaintiff, the propounder puts on its evidence first. *Cf. In re Will of Simmons,* 43 N.C. App. 123, 133, 258 S.E. 2d 466, 472-73 (1975), *disc. rev. denied,* 299 N.C. 121, 262 S.E. 2d 9 (1980). This leads to the conclusion that it is the propounder, and not the caveator, who functions as a plaintiff in a caveat proceeding. Our conclusion is supported by the only written commentary we were able to discover on G.S. Sec. 31-34, a paragraph in "A Survey of Statutory Changes in North Carolina in 1937," 15 N.C. L. Rev. 321, 352-53 (1937). While acknowledging that the statute is "not entirely clear," the passage suggests that

it may have been enacted to require both parties to post bond: "The propounders appear as plaintiffs in the contest, and it may be the purpose of the statute to require them to give bond, when a caveat is filed, so as to have the costs secured by both parties."

Other indicia support our conclusion that G.S. Sec. 31-34 is not applicable to the caveator. First, the two statutes relating to bonds appear consecutively, and while G.S. Sec. 31-33 expressly refers to a bond given by a caveator, G.S. Sec. 31-34 refers only to a "prosecution bond." Also, both G.S. Sec. 31-33 and G.S. Sec. 1-109 (the prosecution bond statute referenced in G.S. Sec. 31-34) have bonds in the amount of $200, and we do not presume the legislature intended to promulgate a redundant statute. Finally, Garcia argues that the amount of the caveator's bond, $200, is too low realistically to cover actual costs in a caveat proceeding, which costs may include attorney's fees. *See* N.C. Gen. Stat. Sec. 6-21(2) (1981). Although it is true that the amount of the caveator's bond has remained unchanged for decades, it is the prerogative of the legislature, not the judiciary, to amend the statute and increase the bond requirement. We conclude that the trial court erred in ordering the caveator, Carey, to post the increased bond.

III

[2] Ordinarily, an action may be involuntarily dismissed with prejudice, under Rule 41(b) of the North Carolina Rules of Civil Procedure, for failure to comply with "any order of court." However, our Supreme Court recently held that a Rule 41(b) dismissal with prejudice cannot be premised on a party's failure to comply with an erroneous order. *Thornburg v. Lancaster,* 303 N.C. 89, 277 S.E. 2d 423 (1981). As indicated above, the trial court order increasing the caveator's bond for court costs to $5,000 was without authority and must be set aside.

It is true that the trial court based its Rule 41(b) dismissal with prejudice on Carey's failure to post the increased bond *and* her failure to cite additional parties, pursuant to the 18 January 1984 order. The order required the caveator to post the unauthorized bond "within 30 days" and to cite all persons interested in the estate "within 60 days." Consequently, as a practical matter, it seems pointless to require the caveator to cite additional parties when she faces the imminent dismissal of her case for failure to comply with the directive regarding the increased bond.

In re Will of Parker

Believing that the order dismissing the caveat was a nullity, it is not necessary for us to determine whether Carey's failure to cite additional parties is an alternative grounds for involuntary dismissal with prejudice.

Reversed and remanded.

Judge PHILLIPS concurs in the result.

Judge EAGLES concurs.

Judge PHILLIPS concurring in the result.

Though I agree with the result reached by the majority I do not agree with some of the things said in getting there. That G.S. 31-34 applies to caveators who institute actions that contest wills could not be clearer in my opinion. It forthrightly states that when "any action is instituted to contest a will" that the Clerk will require the same prosecution bond that is required in other civil actions, which is $200, of course, except for paupers and governmental agencies. G.S. 1-109. An action to contest a will is certainly instituted when a caveat is filed to a will that is being probated in common form before the Clerk of Superior Court. "A proceeding to contest a will is begun by filing a caveat or objection to probate with the Clerk of the Superior Court, . . ." *Brissie v. Craig*, 232 N.C. 701, 704, 62 S.E. 2d 330, 333 (1950). Before a caveat is filed such a probate is an informal, *ex parte* proceeding for the Clerk to determine; after the caveat is filed and the statutory bond is given the probate is a full-blown contested lawsuit under the control of the trial court. G.S. 31-33. Under the hybrid procedure that governs the litigation of will cases, who technically or theoretically is the plaintiff or has the burden of proof, as discussed in the majority opinion, has nothing to do with the problem, in my view. G.S. 31-34 requires a prosecution bond of whoever *institutes* an action to contest a will, and since this action was instituted by the caveator she is subject to the statute and requiring her to furnish the usual $200 cost bond was authorized. Which is not to say that G.S. 31-34 does not also apply to propounders in appropriate cases, for I think it does, but that question is not before us since the propounder did not institute this action.