IN RE SUPERIOR COURT ORDER DATED APRIL 8, 1983

No. 532PA84

(Filed 7 January 1986)

**Banks and Banking § 3; Criminal Law § 80.2— disclosure of customer's records to prosecutor—order of confidentiality—required showing**

> The superior courts of this state have the inherent power to order a banking corporation to disclose to the district attorney a customer's bank account records upon a finding that an examination of such records would be in the best interest of justice, and to order the bank not to disclose the examination for a specified period upon a proper finding that disclosure could impede the investigation and interfere with the enforcement of the law. However, before such an order may be issued, the State must present to the trial judge an affidavit or similar evidence setting forth facts or circumstances sufficient to show reasonable grounds to suspect that a crime has been committed and that the records sought are likely to bear upon the investigation of that crime.

> Justice BILLINGS did not participate in the consideration or decision of this case.

ON discretionary review of a decision of the Court of Appeals, 70 N.C. App. 63, 318 S.E. 2d 843 (1984), affirming an order entered 8 April 1983 by *Walker, J.*, in Superior Court, GUILFORD County, requiring appellant NCNB National Bank of North Carolina to make available to the State certain records regarding one of its customers.

*Lacy H. Thornburg, Attorney General, by Daniel C. Higgins, Assistant Attorney General, for the State.*

*Smith, Moore, Smith, Schell & Hunter, by Benjamin F. Davis, Jr., for appellant.*

*Edmond D. Aycock, for Amicus Curiae, North Carolina Bankers Association.*

FRYE, Justice.

In this case we must decide whether superior courts of this State have the inherent power to order a banking corporation to disclose to the district attorney a customer's bank account records upon a finding that an examination of such records would be in the best interest of justice, and to order the bank not to disclose the examination for a specified period upon a proper finding that disclosure could impede the investigation and interfere with the enforcement of the law. We hold that a superior court judge has the inherent power to issue such an order, provided sufficient facts or circumstances are presented to show the reason that disclosure is in the best interest of justice. Because the petition in the instant case did not set forth such facts or circumstances, and because the record does not disclose any affidavit or other evidence from which the judge could properly make an independent determination that disclosure of the customer's records was in the interest of justice, the trial judge erred by issuing the order.

On 7 April 1983, the district attorney for the Eighteenth Judicial District filed a petition in the Superior Court, Guilford County, seeking an order directing the appropriate officials of NCNB National Bank of North Carolina [hereinafter "NCNB"] to make available to Detective E. O. Cherry, "or his designate:"

> Copies of any and all records of all accounts in the name of St. James Baptist Church during the period of January 1, 1979 through December, 1982 including statements, ledger cards or other documents designed to show a record of deposits and withdrawals.

In the petition, the district attorney stated under oath:

> that he has reason to believe that the examination of certain records in the offices of NCNB of North Carolina, in Greensboro, North Carolina, would be in the best interest of justice
> . . . .

On the following day, 8 April 1983, Judge Russell G. Walker issued an order, *ex parte*, in which he found that "it is in the best interest of law enforcement and the administration of justice" that the requested information be made available "to Detective E. O. Cherry or his designate," and ordered that the records be made available and that "this examination is not to be disclosed

for a period of 90 days from the date of this request." The court further found that "[a]ny such disclosure could impede the investigation being conducted and thereby interfere with the enforcement of the law." On 18 April 1983, NCNB gave Notice of Appeal to the Court of Appeals. The Court of Appeals affirmed the decision of the trial court. 70 N.C. App. 63, 318 S.E. 2d 843 (1984). NCNB's petition for discretionary review was allowed by this Court on 4 December 1984.

NCNB contends that the trial judge erred in entering the order since there is no statutory or case law authority supporting the issuance of the type of order involved here. The Court of Appeals determined that while there is no statutory provision either authorizing or prohibiting orders of the type here involved, such authority exists in the inherent power of the court to act when the interests of justice so require. *State v. Barfield*, 298 N.C. 306, 259 S.E. 2d 510 (1979), *cert. denied*, 448 U.S. 907, *reh'g denied*, 448 U.S. 918 (1980); *In re Albemarle Mental Health Center*, 42 N.C. App. 292, 256 S.E. 2d 818, *disc. rev. denied*, 298 N.C. 297, 259 S.E. 2d 298 (1979); *English v. Brigmon*, 227 N.C. 260, 41 S.E. 2d 732 (1947); *Ex parte McCown*, 139 N.C. 101, 51 S.E. 957 (1905); Mallard, *Inherent Power of the Courts of North Carolina*, 10 Wake Forest L. Rev. 1, 20-23 (1974). We agree. As amply demonstrated in the opinion of the Court of Appeals, other options available to the district attorney at the investigatory stage of the proceeding provide inadequate means of obtaining the desired information. We find it unnecessary to repeat that discussion here. It is sufficient to note that situations occasionally arise where the prompt and efficient administration of justice requires that the superior court issue an order of the type sought here by the State. Accordingly, we agree with the Court of Appeals that the superior court does have the inherent power to issue such an order.

We therefore move to a consideration of what the State must show in order to provide a basis for the trial court to make the requisite finding to support the issuance of such an order. NCNB suggests that we adopt the standard set out in the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3401, *et seq.* That act sets forth the procedure for controlling federal government access to bank records. While the General Assembly may wish to consider the enactment of legislation of this nature, this Court will not engraft upon state law the requirements of this detailed federal

statutory scheme. Nor will we engraft upon the inherent power of the court to issue such an order the fourth amendment standard of probable cause.[1] Nevertheless, the trial judge must be presented with something more than the complainant's bare allegation that it is in the best interest of justice to allow the examination of the customer's bank account records. At a minimum the State must present to the trial judge an affidavit or similar evidence setting forth facts or circumstances sufficient to show reasonable grounds to suspect that a crime has been committed, and that the records sought are likely to bear upon the investigation of that crime.[2] With this evidence before it, the trial court can make an independent decision as to whether the interests of justice require the issuance of an order rather than relying solely upon the opinion of the prosecuting attorney. Because no such evidence was presented to the trial judge in this case, the order directing the bank to make the records available was not properly issued. For the same reason, that portion of the order directing the bank not to disclose the examination for ninety days was also erroneous.

We note that although the Court of Appeals upheld the order as issued in this case even though the record failed to establish a factual basis from which the judge could realistically determine whether it was in the best interest of justice that the records be examined, the court stated that "in future cases of this type it will undoubtedly facilitate review and increase cooperation on the part of those examined if the State makes a more complete statement of the circumstances underlying its petition and the reasons the administration of justice requires an order allowing examination." 70 N.C. App. at 69, 318 S.E. 2d at 846. Thus, the Court of Appeals recognized the importance of having all of the pertinent facts and circumstances available before the judge issues an order of the type involved here. While the Court of Appeals merely sug-

---

1. A corporation does not enjoy complete fourth amendment protection when confronted with a request for the production of documents. *See California Bankers Ass'n v. Shultz*, 416 U.S. 21 (1974). Nor can a corporation assert the fourth amendment rights of its customer against whom the information is sought. *See Rakas v. Illinois*, 439 U.S. 128 (1978), *reh'g denied*, 439 U.S. 1122 (1979).

2. For a similar application of "reasonable suspicion" in a different setting, *see State v. Thompson*, 296 N.C. 703, 706, 252 S.E. 2d 776, 779, *cert. denied, Thompson v. North Carolina*, 444 U.S. 907 (1979).

gested that the State make a more complete statement of the circumstances underlying its petition, we hold that it is mandatory that the State present to the judge, by affidavit or similar evidence, sufficient facts or circumstances to show reasonable grounds to suspect that a crime has been committed, and that the records sought are likely to bear upon the investigation of that crime. For the reasons indicated, the decision of the Court of Appeals affirming the order entered herein by the trial court must be reversed and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Justice BILLINGS did not participate in the consideration or decision of this case.