HUGH JOSEPH BEARD, JR. v. THE NORTH CAROLINA STATE BAR

No. 94PA87

(Filed 7 July 1987)

1. **Constitutional Law § 10— constitutional challenge to Client Security Fund— may not be brought under Administrative Procedure Act—must be original action**

    The Administrative Procedure Act was not the proper method of challenging the constitutionality of the Supreme Court order establishing the Client Security Fund. A direct challenge to the constitutionality of an order of the Supreme Court must be litigated as an original action in the General Court of Justice.

2. **Constitutional Law §§ 5, 6.1 and 10— Client Security Fund—no violation of separation of powers—not a tax**

    The order of the North Carolina Supreme Court establishing the Client Security Fund did not violate Secs. 6 and 8 of Art. I of the Constitution of North Carolina, which provide for separation of powers and that the people of

the state shall not be taxed without the consent of the General Assembly, because the payments required of plaintiff attorney were not taxes but were funds required for the proper administration of justice, a matter within the Supreme Court's inherent authority.

ON appeal by plaintiff from the judgment of *Farmer, J.*, filed in Superior Court, WAKE County, on 25 August 1986. The North Carolina State Bar's petition for discretionary review prior to determination by the Court of Appeals was allowed 7 April 1987. Heard in the Supreme Court 11 May 1987.

*Hugh Joseph Beard, Jr., in propria persona, plaintiff-appellant.*

*James E. Tucker and L. Thomas Lunsford, II for The North Carolina State Bar, defendant-appellee.*

MARTIN, Justice.

Plaintiff challenges the constitutionality of the order of this Court, 29 August 1984, establishing the Client Security Fund and requiring each attorney admitted to practice in North Carolina to pay $50 each year into the fund. We hold the order to be constitutional and affirm the judgment of the superior court.

The facts are undisputed. On 13 April 1984 defendant petitioned the Supreme Court of North Carolina to approve the establishment of the Client Security Fund. Thereupon an order of the Court was issued on 29 August 1984 which required each attorney admitted to practice in North Carolina to pay $50 each year into the fund, beginning with the year 1985. Plaintiff refused to make any payments pursuant to the Court order. For failing to make the 1985 payments, plaintiff's license to practice law in North Carolina was suspended by The North Carolina State Bar on 2 November 1985. Plaintiff does not challenge the validity of the structure and procedures of the fund.

Plaintiff's challenge is to the constitutionality of the Court's order requiring the annual payments. As plaintiff argues, if the order is valid, then the suspension of his license was lawful; otherwise, not.

## I.

**[1]** Plaintiff first argues that the trial court erred in concluding that the Administrative Procedure Act, Chapter 150A of the General Statutes of North Carolina, was not a proper method of challenging the constitutionality of an order of the Supreme Court. We affirm the ruling of the trial court. The Administrative Procedure Act is for the review of *agency* action. Here, plaintiff does not challenge the acts of The North Carolina State Bar but directs his attack to the action of this Court in issuing the order in question. A direct challenge of the constitutionality of an order of this Court cannot be adjudicated under the Administrative Procedure Act. The issue must be litigated as an original action in the General Court of Justice. *See Jernigan v. State*, 279 N.C. 556, 184 S.E. 2d 259 (1971); *Insurance Co. v. Gold, Commissioner of Insurance*, 254 N.C. 168, 118 S.E. 2d 792 (1961).

## II.

**[2]** Plaintiff bases his challenge to the order requiring payments to the Client Security Fund solely on state constitutional grounds. No federal constitutional questions are at issue. Therefore, our decision on this appeal is based solely upon adequate and independent state grounds. *Michigan v. Long*, 463 U.S. 1032, 77 L.Ed. 2d 1201 (1983).

Plaintiff relies upon sections 6 and 8 of article I of the Constitution of North Carolina, the Declaration of Rights. Section 6 reads:

> The legislative, executive, and supreme judicial powers of the State government shall be forever separate and distinct from each other.

Section 8 reads:

> The people of this State shall not be taxed or made subject to the payment of any impost or duty without the consent of themselves or their representatives in the General Assembly, freely given.

Simply put, plaintiff contends the payment is unconstitutional because under either provision only the General Assembly can impose such an obligation upon lawyers. We find no violation of either constitutional provision.

We recognize that our state constitution limits the plenary powers already existing in the government. *Lassiter v. Board of Elections*, 248 N.C. 102, 102 S.E. 2d 853 (1958), *aff'd*, 360 U.S. 45, 3 L.Ed. 2d 1072 (1959). *See generally State v. Lewis*, 142 N.C. 626, 55 S.E. 600 (1906); 16 Am. Jur. 2d *Constitutional Law* § 58 (1979). Except as expressly limited by the constitution, the inherent power of the judicial branch of government continues.

The inherent power of the Court has not been limited by our constitution. To the contrary, the constitution protects such power. The General Assembly has no authority to deprive the judicial department "of any power or jurisdiction that rightfully pertains to it as a co-ordinate department of the government . . . ." N.C. Const. art. IV, § 1. *See generally* 20 Am. Jur. 2d *Courts* §§ 78, 79 (1965). This Court has recognized the inherent power of the courts in many cases and circumstances, *e.g.*, *Gardner v. N.C. State Bar*, 316 N.C. 285, 341 S.E. 2d 517 (1986); *In re Superior Court Order*, 315 N.C. 378, 338 S.E. 2d 307 (1986); *State v. Davis*, 270 N.C. 1, 153 S.E. 2d 749, *cert. denied*, 389 U.S. 828, 19 L.Ed. 2d 84 (1967); *In re Burton*, 257 N.C. 534, 126 S.E. 2d 581 (1962); *State v. Cannon*, 244 N.C. 399, 94 S.E. 2d 339 (1956). *See also Swenson v. Thibaut*, 39 N.C. App. 77, 250 S.E. 2d 279 (1978), *cert. denied, appeal dismissed*, 296 N.C. 740, 254 S.E. 2d 182 (1979); *In re Bonding Co.*, 16 N.C. App. 272, 192 S.E. 2d 33, *cert. denied, appeal dismissed*, 282 N.C. 426, 192 S.E. 2d 837 (1972). Our courts have repeatedly made reference to and affirmed the existence and exercise of inherent judicial power. The existence of inherent judicial power is not dependent upon legislative action; however, we note that the General Assembly has recognized the existence of the inherent power of the court and that the General Assembly cannot abridge that power. N.C.G.S. § 84-36 (1985).

Inherent power is that which the court necessarily possesses irrespective of constitutional provisions. Such power may not be abridged by the legislature. Inherent power is essential to the existence of the court and the orderly and efficient exercise of the administration of justice. Through its inherent power the court has authority to do all things that are reasonably necessary for the proper administration of justice. *See* 20 Am. Jur. 2d *Courts* §§ 78, 79 (and cases above cited).

We now turn to the issue of whether this Court's inherent power includes the authority to issue the order in question. We

hold that it does. This Court has the inherent power to deal with its attorneys. *Gardner v. N.C. State Bar*, 316 N.C. 285, 341 S.E. 2d 517. As stated in *In re Burton*:

> "The power is based upon the relationship of the attorney to the court and the authority which the court has over its own officers to prevent them from, or punish them for, committing acts of dishonesty or impropriety calculated to bring contempt upon the administration of justice."

257 N.C. at 542-43, 126 S.E. 2d at 587-88 (quoting 5 Am. Jur. *Attorneys at Law* § 143 (1936) ).

The order by this Court requiring annual payments by attorneys to the Client Security Fund is an essential corollary to this function of the Court. This Court found in the order under consideration that attorneys by misuse of clients' property were bringing public disrespect upon the legal profession, the courts, and the administration of justice. It was necessary to establish the Client Security Fund to better protect the public and to promote public confidence in the courts and the administration of justice.

In ordering the assessment from attorneys for the support of the Client Security Fund, the Court was not imposing a tax, which is a legislative function. Rather, it was an act, found necessary by the Court, in aid of its own responsibility to see to the proper administration of justice. It is essential that the public have confidence in our system of justice in order for it to be effective. The public needed to know that it could safely entrust its property to members of the bar. Maintenance of the Client Security Fund through the assessment of attorneys was a major step in restoring that lost confidence.

The Court has the inherent authority to do what is reasonably necessary to effectuate its constitutional duty: the administration of justice. This Court has already manifested that inherent power. *In re Superior Court Order*, 315 N.C. 378, 338 S.E. 2d 307 (requiring banks to disclose to district attorney bank records of customer); *State v. Davis*, 270 N.C. 1, 153 S.E. 2d 749 (inherent power to appoint counsel for indigents). The order of this Court establishing the Client Security Fund was reasonably necessary to carry out the Court's constitutional duty to effectively administer justice.

We find three cases from our sister states to be persuasive on this appeal. *In re Member of Bar,* 257 A. 2d 382 (Del. 1969), *appeal dismissed,* 396 U.S. 274, 24 L.Ed. 2d 464 (1970), is on all fours with the case at bar. The Delaware Supreme Court by rule of court established a client security fund and required attorneys to contribute to it. Respondent failed to make the required payments and appropriate disciplinary action was recommended. On appeal, the Delaware court was faced with the same issues arising here. That court held that the court rule was constitutional, not being a tax and being promulgated under the inherent power of the court to establish, control, and sustain the standards of the bar.

A three-judge panel of the United States District Court of Massachusetts upheld a similar attack on rules by the Supreme Judicial Court of Massachusetts establishing a client security fund. Although this case involved the Federal Constitution, the panel relied entirely upon *In re Member of Bar.* The panel dismissed the complaint for the reasons stated in the Delaware case. *Hagopian v. Justices of Supreme Judicial Court,* 429 F. Supp. 367 (D. Mass.), *aff'd,* 434 U.S. 802, 54 L.Ed. 2d 63 (1977).

The Supreme Court of Maine upheld an assessment imposed on lawyers to support the regulation of the bar by the court. Although a client security fund was not involved, like issues were determined, the Maine court holding that the rule of court did not violate the state constitution. In determining that the assessment was not a tax, the court looked to the purpose of the payment, not its effect on the lawyers, and held that the court's duty to regulate the practice of law carried with it the inherent power to impose the charge against attorneys to fund such regulation. *Board of Overseers of Bar v. Lee,* 422 A. 2d 998 (Me. 1980), *appeal dismissed,* 450 U.S. 1036, 68 L.Ed. 2d 233 (1981).

We find the decisions of all three courts to be persuasive authority, and we adopt the reasoning of the Delaware court in *In re Member of Bar,* which is equally applicable to the instant case. *See also Petition of Florida State Bar Ass'n,* 40 So. 2d 902 (Fla. 1949); *Matter of Mississippi State Bar,* 361 So. 2d 503 (Miss. 1978); *Bennett v. Oregon State Bar,* 256 Or. 37, 470 P. 2d 945 (1970).

Thus we conclude that the payments required of plaintiff were not taxes but were funds required for the proper ad-

ministration of justice. They were not for revenue, but regulation. They were not levied generally, but only on a specific group involved with the administration of justice as officers of the court. Nor were the payments a general levy to support a public service. *See Lathrop v. Donohue*, 367 U.S. 820, 881, 6 L.Ed. 2d 1191, 1227 (Douglas, J., dissenting), *reh'g denied*, 368 U.S. 871, 7 L.Ed. 2d 72 (1961).

An attorney, as an officer of the court, accepts his office *cum onere*, subject to the burdens of the profession both in respect to the attorney's time and his purse. The order of this Court lawfully imposed such a burden upon the bar.

We hold the order of this Court of 29 August 1984 does not violate the Constitution of North Carolina. The judgment of the superior court is

Affirmed.