JERRY W. DANIELS v. MONTGOMERY MUTUAL INSURANCE COMPANY

No. 498PA86

(Filed 7 October 1987)

1. **Costs § 3; Rules of Civil Procedure § 41.2— failure to comply with court order —sanctions less than dismissal—taxing of costs plus attorney fees**

The trial court has the inherent authority to impose sanctions less than dismissal, including the taxing of costs plus attorney fees, for a party's failure to comply with a court order.

2. **Costs § 3; Rules of Civil Procedure § 41.2— failure to comply with court order —taxing of costs plus attorney fees**

A finding by the trial court in an action on a fire insurance policy that plaintiff's counsel failed to comply with the court's order prohibiting any reference before the jury to the fact that no criminal charges had been filed against plaintiff in connection with the fire was sufficient to support the court's order taxing plaintiff with defendant's costs, including attorney fees, after a mistrial was declared.

3. **Judgments § 16— collateral attack on order**

Plaintiff may not collaterally attack the trial court's order prohibiting any references to certain evidence unless the order was void rather than merely erroneous or irregular.

4. **Costs § 3; Judgments § 16— order taxing costs—findings—collateral attack**

Plaintiff's contention that an order taxing him with costs was not supported by sufficient findings is meritless since the order was supported by the court's finding that plaintiff's counsel failed to comply with the court's order prohibiting any reference to certain evidence. Furthermore, plaintiff could not collaterally attack the order because insufficiency of the findings would not render the order void.

5. **Judgments § 2— time and place of signing judgment**

The record was insufficient to support plaintiff's contention that an order taxing him with costs plus attorney fees was void because signed outside the judicial district at which the matter was heard where the record does not reveal where the order was signed. Nor was the order void on the ground that it was signed and entered out of session where the decision to tax plaintiff with defendant's costs was made and announced at the hearing. N.C.G.S. § 1A-1, Rule 6(c).

6. **Rules of Civil Procedure § 41.2— costs as sanction for violation of court order —refusal to pay—dismissal of action**

The trial court did not abuse its discretion in granting defendant's motion to dismiss plaintiff's action to recover under a fire insurance policy where plaintiff's counsel violated a court order prohibiting him from informing the jury that plaintiff had not been charged in connection with the fire, and plaintiff refused to comply with the trial court's order requiring plaintiff to pay

defendant's costs within thirty days as a lesser sanction for violation of the previous order. N.C.G.S. § 1A-1, Rule 41(b).

**7. Insurance § 135.1— fire insurance—subrogation to rights of mortgagees—judgment on pleadings improper**

In an action to recover under a fire insurance policy, the trial court erred in entering judgment on the pleadings for defendant insurer on its counterclaim for amounts defendant paid to the mortgagees of the real property which was destroyed by fire where the pleadings established that defendant paid certain amounts to the first and second mortgagees and received a full assignment and transfer of the notes and deeds of trusts held by the two mortgagees, but the pleadings did not establish the due dates under either of the notes or that the amounts paid by defendant to the mortgagees were the amounts due under the notes and deeds of trust. Furthermore, plaintiff met his burden of showing that the judgment was not supported by a stipulation recited in the judgment.

Justice WHICHARD did not participate in the consideration or decision of this case.

Justice MEYER concurring in part and dissenting in part.

Justice MITCHELL joins in this dissenting opinion.

ON discretionary review, pursuant to N.C.G.S. § 7A-31, of a decision of the North Carolina Court of Appeals, 81 N.C. App. 600, 344 S.E. 2d 847 (1986), vacating and remanding orders entered 5 November 1984 and 29 April 1985 in the Superior Court, DAVIDSON County, by *Davis, J.,* and *Smith, J.,* respectively. Heard in the Supreme Court 14 May 1987.

*Brinkley, Walser, McGirt, Miller, Smith & Coles, by Stephen W. Coles and Charles H. McGirt; and Wilson, Biesecker, Tripp & Sink by Joe E. Biesecker for plaintiff-appellee.*

*Yates, Fleishman, McLamb & Weyher by Joseph W. Yates, III, and Barbara B. Weyher for defendant-appellant.*

FRYE, Justice.

In this case, we consider whether the Court of Appeals correctly decided: (1) that a trial court may, as an alternative to granting a motion to dismiss, tax plaintiff with defendant's costs including attorney's fees incurred pursuant to the third trial of the case; and (2) that the trial court erred in dismissing the plaintiff's complaint pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure for plaintiff's failure to comply with the order

to pay costs. In addition, we consider whether the trial court erred by entering judgment against plaintiff on defendant's counterclaim subsequent to dismissing the plaintiff's action.

On the first question, we agree with the Court of Appeals that the trial court has the authority to impose lesser sanctions against a party for failing to comply with a court order, and that the lesser sanctions imposed may include costs plus attorney's fees. On the second question, we hold that the trial court did not abuse its discretion in dismissing the plaintiff's complaint, pursuant to Rule 41(b), for plaintiff's failure to comply with the order to pay costs. On the third question, the trial court erred by entering judgment on defendant's counterclaim subsequent to dismissing the plaintiff's action.

Plaintiff initiated this action to recover under an insurance policy for fire damage to his home and personal property. In its answer, defendant alleged *inter alia* that the plaintiff intentionally caused, procured or acquiesced in the fire for the fraudulent purpose of collecting insurance benefits. Defendant, in addition, filed a counterclaim to recover mortgage indebtedness on plaintiff's home.

This action was first heard by Judge Hamilton H. Hobgood at the 7 November 1983 Civil Session of Superior Court, Davidson County. Defendant, at this trial, made a *motion in limine* for an order prohibiting the introduction of evidence or reference in any manner before the jury to the fact that no criminal charges had been filed against the plaintiff in connection with the subject fire. Both parties agree that Judge Hobgood orally granted defendant's *motion in limine*. This initial action ended in mistrial when plaintiff's counsel informed the court that he might need to testify as a witness in the proceeding.

The second trial of this case was called at the 7 May 1984 Civil Session before Judge Robert A. Collier, Jr., and ended in mistrial because of a hung jury.

The third trial of this action came on before Judge James D. Davis at the 17 September 1984 Civil Session of Superior Court, Davidson County. In the course of opening statements, plaintiff's counsel made reference to the fact that the plaintiff had not been prosecuted. Pursuant to defendant's motion, a mistrial was granted.

Defendant subsequently moved to dismiss plaintiff's action pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure, alleging that the comment by plaintiff's counsel referring to the lack of prosecution violated several court orders. Alternatively, defendant requested the court to tax the plaintiff with its reasonable out-of-pocket expenses incurred in defending this action. The motion was heard by Judge Davis at the 5 November 1984 Civil Session of Superior Court, Davidson County. The court did not enter a written order at that time. According to the clerk's minutes of this hearing, Judge Davis denied the motion to dismiss and assessed plaintiff with all expenses incurred by the defendant regarding the third trial. The minutes indicate further that an order and affidavit were to be prepared by the week of 26 November 1984. The clerk's minutes also noted an exception taken by plaintiff's counsel.

On 14 December 1984, defendant's counsel submitted by mail a proposed order and affidavit to Judge Davis with copies to plaintiff's counsel setting forth expenses incurred in the third trial totaling $6,021.02. Plaintiff's counsel, by letter to Judge Davis, filed an objection to defendant's proposed order. However, on 18 December 1984, Judge Davis filed an order denying defendant's motion to dismiss and taxing plaintiff with the expenses set forth in defendant's affidavit. The order required plaintiff to pay such expenses to the Clerk of Superior Court, Davidson County, within thirty days.

Plaintiff failed to pay expenses as ordered by the court. By letter dated 29 January 1985, a copy of which was sent to Judge Davis, plaintiff's counsel informed defendant's counsel of his opinion that the order requiring plaintiff to pay expenses was invalid and unenforceable. Defendant thereafter moved to dismiss the action pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure on grounds that plaintiff failed to comply with the order to pay costs within thirty days.

Defendant's motion to dismiss was heard by Judge Donald L. Smith. Judge Smith concluded as a matter of law that neither plaintiff nor his counsel could deliberately disregard the court's order to pay expenses, but were required instead to pursue whatever remedies might be provided by law to stay or vacate the order. Judge Smith ordered that the plaintiff's claim be dismissed

and that the defendant recover on its counterclaim the sum of $48,792.76 in addition to the expenses previously ordered. From this order plaintiff appealed to the Court of Appeals.

The Court of Appeals held that trial courts have the authority, pursuant to Rule 41(b), to impose a lesser sanction of costs including attorney's fees, against a party or counsel for failure to comply with a court order. It held, however, that the trial court, in order to do so, must make findings concerning the effectiveness of alternative sanctions and the ability of plaintiff to perform the alternative sanction imposed. The Court of Appeals determined that the order taxing costs was not supported by sufficient findings and was thus erroneous. It therefore vacated this order as well as the second order dismissing the plaintiff's claim and granting defendant's counterclaim and remanded the cause for further findings. Defendant's petition for discretionary review of this decision was granted by this Court.

I.

Plaintiff contends that the trial court had no authority to tax him with defendant's costs including attorney's fees as an alternative to dismissal under Rule 41(b). Defendant, on the other hand, contends that the Court of Appeals correctly held that a trial court has the inherent authority, pursuant to Rule 41(b), to impose lesser sanctions against a party, as an alternative to dismissal, on grounds that the party failed to comply with a court order.

We note first that the question in this case is not whether a trial court may, pursuant to Rule 41(b), impose a sanction of costs, but instead, whether the trial court, in exercise of its inherent powers, may tax a party with the reasonable costs including attorney's fees of a party-opponent for failure to comply with a court order.

In a recent opinion, *Beard v. N.C. State Bar*, 320 N.C. 126, 129, 357 S.E. 2d 694, 696 (1987), this Court stated that:

Inherent power is that which the court necessarily possesses irrespective of constitutional provisions. Such power may not be abridged by the legislature. Inherent power is essential to the existence of the court and the orderly and effective exercise of the administration of justice.

*Through its inherent power the court has authority to do all things that are reasonably necessary for the proper administration of justice. See 20 Am. Jur. 2d Courts §§ 78, 79 . . . .*

(Emphasis added.)

In *In re Superior Court Order*, 315 N.C. 378, 338 S.E. 2d 307 (1986), this Court held that the superior court had the inherent power to order a banking corporation to disclose to the district attorney a customer's bank account records, noting that "situations occasionally arise where the prompt and efficient administration of justice requires that the superior court issue an order of the type sought here by the State." *Id.* at 380, 338 S.E. 2d at 309.

Similarly, we hold it to be within the inherent power of the trial court to order plaintiff to pay defendant's reasonable costs including attorney's fees for failure to comply with a court order.

[1, 2] The power of the trial court to sanction parties for failure to comply with court orders is essential to the prompt and efficient administration of justice. Rule 41(b) of the North Carolina Rules of Civil Procedure, which is identical to the federal rule, grants the trial court authority to dismiss actions with prejudice on grounds that plaintiff failed to comply with a court order. Dismissal with prejudice, however, is a harsh sanction. In *Rogers v. Kroger Co.*, 669 F. 2d 317, 321-22 (5th Cir. 1982), the court said that:

> Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket.

We agree. Therefore we conclude that a trial court has the inherent power to tax a plaintiff with the reasonable costs, including attorney's fees incurred by a defendant in a proceeding in which a plaintiff has failed to comply with a court order. Further, we believe that the finding of fact by the trial court in the instant case that plaintiff's counsel failed to comply with the court's order prohibiting the introduction of evidence or reference to the fact

that no criminal charges had been filed against the plaintiff is sufficient to support an award taxing plaintiff with the reasonable costs incurred by defendant in this third trial. Accordingly, we hold that Judge Davis' order taxing plaintiff with costs was not erroneous.

II.

Plaintiff next contends that the trial court erred in dismissing the plaintiff's complaint pursuant to Rule 41(b) because of plaintiff's failure to comply with the order to pay costs.

Rule 41(b) authorizes a trial court to dismiss an action for failure of a plaintiff to comply with a previous court order. It provides as follows:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim therein against him.

N.C.R. Civ. P. 41(b) (1983).

In the instant case, defendant initially moved to dismiss this action for the failure of plaintiff to comply with an order prohibiting the introduction of evidence or reference to the jury that no criminal charges had been filed against the plaintiff. As an alternative lesser sanction to dismissal, defendant requested the taxation of reasonable out-of-pocket expenses against the plaintiff. On 18 December 1984 Judge Davis filed an order requiring plaintiff to pay defendant's costs totaling $6,021.62 within thirty days. Plaintiff does not dispute that he failed either to comply with or to directly attack this order. Instead plaintiff contends that the order itself was flawed in the following respects: (1) the order was supported by insufficient findings of fact; (2) the order was signed outside of the judicial district in which the matter was heard; and (3) the order was signed and entered after the expiration of the term at which the matter was heard. Plaintiff contends that because of these alleged flaws in the order taxing him with costs, the trial court erred in granting defendant's motion to dismiss for failure to comply with the order.

To respond to plaintiff's contentions we must first determine whether plaintiff, having failed to appeal or otherwise directly contest the order taxing costs, may later raise a collateral attack

on it. The plaintiff may raise a collateral attack on the order taxing costs as a defense to defendant's motion to dismiss only if the order taxing costs was void *ab initio*. *State v. Sams*, 317 N.C. 230, 345 S.E. 2d 179 (1986); *Stroupe v. Stroupe*, 301 N.C. 656, 273 S.E. 2d 434 (1981); *Lumber Co. v. West*, 247 N.C. 699, 102 S.E. 2d 248 (1958); *Massengill v. Lee*, 228 N.C. 35, 44 S.E. 2d 356 (1947); *Edwards v. Brown's Cabinets*, 63 N.C. App. 524, 305 S.E. 2d 765 (1983); *Manufacturing Co. v. Union*, 20 N.C. App. 544, 202 S.E. 2d 309, *cert. denied*, 285 N.C. 234, 204 S.E. 2d 24 (1974); *but see Thornburg v. Lancaster*, 303 N.C. 89, 277 S.E. 2d 423 (1981); *contra In re Will of Parker*, 76 N.C. App. 594, 334 S.E. 2d 97, *disc. rev. denied*, 315 N.C. 184, 337 S.E. 2d 859 (1985). In *State v. Sams*, 317 N.C. 230, 235-36, 345 S.E. 2d 179, 182-83, this Court stated that

> [a]n order is void *ab initio* only when it is issued by a court that does not have jurisdiction. Such an order is a nullity and may be attacked either directly or collaterally, or may simply be ignored. (Citations omitted.)
>
> In contrast, a voidable order stands until it is corrected. It may only be corrected by a direct attack; it may not be attacked collaterally. An irregular order, one issued contrary to the method of practice and procedure established by law, is voidable. (Citations omitted.)

An erroneous order is one "rendered according to the course and practice of the court, but contrary to law, or upon a mistaken view of the law, or upon an erroneous application of legal principles." *Wynne v. Conrad*, 220 N.C. 355, 360, 17 S.E. 2d 514, 518 (1941). An erroneous order may be remedied by appeal; it may not be attacked collaterally. *Id.*

Our attention is directed to this Court's decision in *Massengill v. Lee*, 228 N.C. 35, 44 S.E. 2d 356. In *Massengill* the plaintiff, having won judgment in a summary ejectment case, applied for execution against defendant's land notwithstanding a restraining order issued by the superior court in another case involving plaintiff which prohibited him from attempting to take possession of the land. The sheriff, having knowledge of the restraining order, did not serve the execution. Plaintiff subsequently made a motion against the sheriff for amercement for failing to serve the execution. Plaintiff based his motion on the theory that the restraining

order issued by Judge Harris was void as attempting to restrain the action of a different court in a different action. This Court observed however, that the restraining order was issued in the superior court by a judge against parties in the action and in respect to subject matter of that action. The Court concluded therefore that:

> Whether the restraining order was properly issued or not, it could not be ignored by plaintiff Massengill. Judge Harris, on proper showing and in accordance with the statutes, had the judicial power to issue the restraining order . . . , but if the order was erroneously issued, the remedy was by motion to dissolve, or appeal, or by action on the injunction bond, and not by open defiance.

*Id.* at 37, 44 S.E. 2d at 358 (citations omitted).

[3] The Court's reasoning in *Massengill* reflects the fundamental proposition that our judicial system requires the orderly functioning of process. Parties must therefore not be encouraged to obey or disobey rulings of the court according to their own whim. As this Court stated in *Lumber Co. v. West*, 247 N.C. 699, 701, 102 S.E. 2d 248, 249:

> The correct method of attacking a judgment is dependent on the character of the asserted defect. Errors in law can only be rectified by an appellate court on proceedings properly taken in the action in which the judgment was rendered. Irregularity due to an inadvertence of the court in rendering an improper judgment can be corrected by motion made in the action in which the judgment was rendered. An erroneous or irregular judgment binds the parties thereto until corrected in a proper manner. Diligence is necessary to obtain relief. A void judgment, however, binds no one. Its invalidity may be asserted at any time and in any action where some benefit or right is asserted thereunder. A judgment is void if the court rendering it does not have jurisdiction either of the asserted cause of action or of the parties. *Moore v. Humphrey*, 247 N.C. 423, 101 S.E. 2d 460; *Mills v. Richardson*, 240 N.C. 187, 81 S.E. 2d 409; *Powell v. Turpin*, 224 N.C. 67, 29 S.E. 2d 26; *Dunn v. Wilson*, 210 N.C. 493, 187 S.E. 802; *Clark v. Homes*, 189 N.C. 703, 128 S.E. 20; *Carter v. Rountree*, 109 N.C. 29, 13 S.E. 716.

Applying the principles outlined above, plaintiff in the case *sub judice* may challenge the dismissal of this action on grounds that the order not complied with was invalid only in those instances where the alleged error would render the order void. Stated otherwise, unless the order was void, as distinguished from merely erroneous or irregular, plaintiff cannot attack the order collaterally.

[4] We turn again to plaintiff's contentions that: (1) the order was supported by insufficient findings of fact; (2) the order was signed outside of the judicial district in which the matter was heard; and (3) the order was signed and entered after the expiration of the term at which the matter was heard. Plaintiff's contention that the order taxing him with costs was not supported by sufficient findings of fact is meritless, since, as indicated above, the trial court's finding that plaintiff's counsel failed to comply with the court's order prohibiting the introduction of or reference to certain evidence was sufficient to support the order taxing costs. Even if the findings were not sufficient, that fact alone would not render the order void since it does not challenge the jurisdiction of the court to issue the order. Therefore plaintiff could not collaterally attack this order on the basis of insufficient findings of fact.

[5] Plaintiff's second and third contentions arguably challenge the jurisdiction of the trial judge to issue the order. These contentions are therefore considered substantively.

We note first that the record does not reveal where the order was signed. Instead, the record merely reflects that the proposed order and affidavit along with a cover letter addressed to Judge Davis were mailed to a Concord address. Thus, the record is insufficient to support plaintiff's contention that the order was signed outside of the judicial district at which the matter was heard.

We also find no merit in plaintiff's argument that the order was void because it was signed and entered out of session. Rule 6(c) of the North Carolina Rules of Civil Procedure provides that:

> The period of time provided for the doing of any act or the taking of any proceeding is not affected or limited by the continued existence or expiration of a session of court. The

continued existence or expiration of a session of court in no way affects the power of the court to do any act or take any proceeding, but no issue of fact shall be submitted to a jury out of session.

In *Feibus & Co. v. Construction Co.*, 301 N.C. 294, 271 S.E. 2d 385 (1980), this Court interpreted the application of Rule 6(c) to facts similar to the case *sub judice*. That case was heard by the trial judge on a motion for summary judgment. The judge denied defendant's motion at the close of the hearing but did not sign the written order at that time. After the term of court expired, he signed the written order at his home, which was outside of the district. Defendant in that case argued that the trial judge's order granting summary judgment was invalid because it was signed out of term and district without their consent. This Court held that their contention was without merit. The Court explained that:

> Rule 6(c) of the Rules of Civil Procedure provides that the expiration of a session of court has no effect on the court's power 'to do any act or take any proceeding.' G.S. sec. 1A-1, Rule 56(c) (1969). This rule clearly allows a written order to be signed out of term, especially when such an act merely documents a decision made and announced before the expiration of the term.

*Id.* at 305, 271 S.E. 2d at 392.

The trial judge in the instant case adequately made and announced his decision to tax plaintiff with defendant's expenses in the district and during the session in which the motion was made. At the hearing, Judge Davis determined and announced the nature of the penalty to be assessed against the plaintiff. The fact that the order was subsequently signed and supplemented with the actual amounts does not alter the fact that the decision to tax plaintiff with defendant's costs was made and announced at the hearing. Therefore it is clear that the delayed signing and filing of the order taxing plaintiff with costs had no effect on the authority of the trial judge to enter this order. Thus, the order taxing costs was valid and not void.

Because the order issued by Judge Davis assessing plaintiff with defendant's costs was not void, the plaintiff could not col-

laterally attack it. Stated differently, plaintiff cannot challenge Judge Smith's order dismissing this cause for failure of plaintiff to comply with Judge Davis' order on the grounds that Judge Davis erred in issuing the earlier order.

Plaintiff in this case nevertheless relies on this Court's decision in *Thornburg v. Lancaster*, 303 N.C. 89, 277 S.E. 2d 423 (1981), for the proposition that dismissal with prejudice cannot be premised on a party's failure to comply with an erroneous order. We note that the Court in *Thornburg* referred to the order as being "erroneous *ab initio*," a term not heretofore used by this Court as far as our research has revealed. We note further that the Court in *Thornburg* was troubled by the fact that defendants in that case raised the question of the appealability of the reimbursement order for the first time in their brief to this Court and therefore the Court apparently treated the appeal as a direct attack on the reimbursement order. Nevertheless, to the extent that *Thornburg* may be read as establishing a rule that dismissal with prejudice may not be premised on a party's refusal to comply with an erroneous order from which there has been no direct appeal, the decision in *Thornburg* is overruled.

Plaintiff, however, makes a final argument challenging Judge Smith's order dismissing this action. Plaintiff argues that dismissal was not a proper remedy for enforcement of the order. We do not agree.

[6] We hold that the trial court did not abuse its discretion in granting defendant's motion to dismiss. Neither party contests the fact that plaintiff's counsel violated the order prohibiting him from informing the jury that plaintiff had not been charged in connection with the fire. Nor do the parties dispute the fact of plaintiff's failure to comply with Judge Davis' order requiring plaintiff to pay defendant's costs within thirty days. Judge Smith, in the order dismissing plaintiff's action on 29 April 1985, found the following facts:

15. That plaintiff's counsel . . . in a letter dated Jan. 29, 1985 informed counsel for the defendant that the expenses taxed to the plaintiff had not been paid and further stated in essence that the order of Judge James Davis as heretofore referred to would be treated as a nullity.

16. That the expenses of the defendant at the third trial of this action as heretofore referred to have not been paid as of this date [29 April 1985], nor has execution issued thereon.

17. That the plaintiff personally was aware certain expenses had been taxed to him no later than his receipt of a copy of his counsel's letter to the defendant's counsel, the same being dated Jan. 29, 1985.

18. That neither the plaintiff nor his counsel has sought to obtain from the Hon. James Davis any stay of that order of Dec. 17, 1984, nor have they sought a stay from any other Superior Court Judge; that neither the plaintiff nor his counsel has sought to stay the effect of that order of Dec. 17, 1984 by posting a bond pursuant to G.S. 1-289.

19. That neither the plaintiff nor plaintiff's counsel have sought a stay or writ of supersedeas from the Appellate Division of the North Carolina General Court of Justice.

20. That neither the plaintiff nor the plaintiff's counsel have petitioned the Appellate Division of the North Carolina General Court of Justice for certiorari regarding the order of Judge Davis signed on December 17, 1984.

21. That neither plaintiff nor plaintiff's counsel have sought to appeal from the order of the Hon. James Davis dated Dec. 17, 1984 as being either a final judgment or an interlocutory order affecting a substantial right as is by law provided.

We believe that the foregoing facts as found by the trial judge indicate an intentional disregard for Judge Davis' order requiring the plaintiff to pay defendant's costs. In addition, it is clear that a lesser sanction in this case would not serve the best interests of justice. Dismissal in this case arises from plaintiff's previous refusal to comply with a lesser sanction, taxing him with costs. This lesser sanction had also been imposed by a trial court in response to plaintiff's counsel's violation of a court order. Given the intentional noncompliance by the plaintiff and the ineffectiveness of the previously imposed sanctions, Judge Smith did not abuse his discretion in ordering the dismissal of plaintiff's action pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure.

## III.

[7]    Plaintiff lastly contends that the trial court erred by entering judgment on defendant's counterclaim without a hearing on the merits. We agree.

In paragraph 3 of the 21 February 1985 motion to dismiss, defendant moved the trial court to enter judgment, "in favor of the Defendant upon the counterclaim asserted by the Defendant in this action." Defendant, however, failed to state the rule number under which this motion was made as required by N.C.G.S. § 7A-34, Rule 6 of the General Rules of Practice for the Superior and District Courts.[1] Since plaintiff does not raise this error on appeal, we decline to dispose of this issue on that basis and therefore proceed to consider the merits of plaintiff's assigned error.

Defendant's motion for judgment on the counterclaim is in essence a motion for judgment on the pleadings pursuant to N.C.G.S. § 1A-1, Rule 12(c) of the North Carolina Rules of Civil Procedure. Rule 12(c) provides, in pertinent part, as follows:

> *Motion for judgment on the pleadings.* — After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.

N.C.R. Civ. P. 12(c) (1983).

"A motion for judgment on the pleadings is the proper procedure when all the material allegations of fact are admitted in the pleadings and only questions of law remain." *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E. 2d 494, 499 (1974). The party moving for judgment on the pleadings must show that no material issue of fact exists and that he is entitled to judgment as a matter of law. *Id.* Upon review of a motion for judgment on the pleadings:

> The trial court is required to view the facts and permissible inferences in the light most favorable to the non-moving party. All well pleaded factual allegations in the nonmoving party's pleadings are taken as true and all con-

---

1. Rule 6 provides that "[a]ll motions, written or oral, shall state the rule number or numbers under which the movant is proceeding."

travening assertions in the movant's pleadings are taken as false . . . . All allegations in the nonmovant's pleadings, except conclusions of law, legally impossible facts, and matters not admissible in evidence at the trial, are deemed admitted by the movant for purposes of the motion.

*Id.* (Citations omitted.)

We now consider defendant's motion for judgment on the pleaded counterclaim. Defendant's counterclaim alleges, in pertinent part, as follows:

1. The policy of insurance issued by defendant to plaintiff contained a standard mortgage clause which provided that a loss, if any, under the policy, shall be payable to the mortgagees (or trustees), named in the policy, in order of precedence of the mortgages and that the insurance as to the interests of the mortgages shall not be invalidated by any act or neglect of the insureds.

2. Named as mortgagees in the policy, pursuant to the foregoing provision, were Industrial Federal Savings & Loan Association and Household Realty Corporation.

3. The policy . . . provided that whenever the insurance company [defendant] shall pay the mortgagees (or trustees) any sum for loss under the policy and claim that, as to the insured, no liability existed, the insurance company may at its option pay to the mortgagees (or trustees) the whole principal due or to grow due on the mortgages, with interest accrued and shall thereupon receive a *full assignment and transfer of the mortgage and of all such other securities.* (Emphasis added.)

Defendant in its counterclaim denies liability for plaintiff's claim. It further alleges that pursuant to the policy provisions referred to in paragraph 3, defendant exercised its option to pay Industrial Federal Savings & Loan Association, as first mortgagee, the full mortgage indebtedness in the amount of $21,524.58 and received in exchange a full assignment and transfer of the note and deed of trust on the property in question. Likewise defendant alleges that it exercised its option and paid Household Realty Corporation, as second mortgagee, the sum of $27,268.18 and received in exchange

a full assignment and transfer of the note and deed of trust on the property in question. Finally, the counterclaim alleges that the plaintiff is obligated to the defendant in the amount of $48,792.76 plus interest for the two notes and prays the court to enter judgment against plaintiff in this amount.

Plaintiff in his reply to the counterclaim admits the allegations contained in paragraphs 1, 2 and 3 above. Further, plaintiff admits that defendant has paid Industrial Savings and Loan Association the sum of $21,524.58 and Household Realty Corporation the sum of $27,268.18, but denied any obligation to defendant for that amount.

Based on the pleadings, the material facts as to which there is no genuine issue established that the defendant has paid $21,524.58 to the first mortgagee and $27,268.18 to the second mortgagee and that pursuant to a provision in plaintiff's insurance policy, defendant has received in exchange for these payments a full assignment and transfer of the respective notes and deeds of trust held by the two mortgagees. However, nothing in the pleadings reveals the nature of the rights and obligations contained in the notes and deeds of trust. The pleadings do not establish due dates under either of the notes. Nor is there an admission by the plaintiff that the amounts paid by the insurance company to the mortgagees were the amounts then due under the notes and deeds of trust. Therefore, we find no basis for concluding, as a matter of law, that defendant is entitled to a judgment of $48,792.76 against the plaintiff.[2] The trial court thus erred in granting a judgment on the pleadings as to defendant's counterclaim.

The decision of the Court of Appeals vacating the order taxing costs including attorney's fees, entered 5 November 1984, and

2. The judgment against plaintiff recited that it was "pursuant to the stipulation of the parties." However, the judgment does not recite the terms and conditions of the stipulation or the nature thereof. Neither do the trial court's findings of fact nor the conclusions of law in support of the judgment refer to a stipulation. We have been unable to find a stipulation in the record. Plaintiff, in his brief, asserts that there was no stipulation and defendant's brief is silent on the question. Neither party mentioned the stipulation at oral argument. On this state of the record, and the briefs and argument, plaintiff has met whatever burden he may have of showing that the judgment is not supported by a stipulation.

vacating that portion of the order entered 29 April 1985 dismissing plaintiff's action, is reversed. The decision of the Court of Appeals vacating that portion of the order entered 29 April 1985 awarding judgment in favor of the defendant on the counterclaim is affirmed for the reason stated in this opinion. The cause is remanded to the Court of Appeals for further remand to the Superior Court, Davidson County, for further proceedings consistent with this opinion.

Reversed in part; affirmed in part and remanded.

Justice WHICHARD did not participate in the consideration or decision of this case.

Justice MEYER concurring in part and dissenting in part.

I concur in the majority opinion, except that part which relates to the court's discussion and ruling reversing the trial judge's granting judgment on the pleadings as to defendant's counterclaim for the amounts the carrier paid to the mortgagees on the real property which was destroyed by fire.

First, a very capable and experienced trial judge included in the ordering portion of his judgment the following:

> 2. That pursuant to the stipulation of the parties that the defendant have and recover of the plaintiff on its counterclaim the sum of $48,792.76 with interest from and after the ___ day of _____ 19___ as provided by law [DLS].

It is obvious from the trial judge's delineation and initialing thereof that he was particularly aware of and concerned about the accuracy of that paragraph.

There is a presumption in favor of the regularity and validity of judgments in the lower court and the burden is upon appellant to show prejudicial error. *London v. London*, 271 N.C. 568, 157 S.E. 2d 90 (1967). The judgment entered by Smith, J., indicates the existence of a stipulation. That must be presumed to be correct by this Court. Clearly, the burden was on the plaintiff to show that no stipulation exists. He could have done this by a stipulation of counsel, an affidavit of the trial judge, or some other means. He did not do so, nor even attempt to do so. He sim-

ply denied its existence in his appellee's brief to this Court—a brief to which no reply is required.

The majority addresses this problem only in a footnote in which it finds that, except for the statement in the judgment, the record is silent as to the existence of a stipulation. Based upon this silence in the record, the majority reverses the trial judge's grant of judgment on the pleadings on the counterclaim. This is entirely contrary to the dictates of our existing case law. "Where the record is silent upon a particular point, the action of the trial judge is presumed correct." *London*, 271 N.C. at 570, 157 S.E. 2d at 92.

As will become obvious from a reading of the material hereafter presented, a stipulation at the bench or in chambers would not have been unusual or unexpected in this case. The plaintiff had the burden of dispelling that possibility, and he made no attempt to do so. This Court should not set aside the judgment entered on the counterclaim upon a mere assumption made because the record is silent.

The majority apparently believes that the validity of the judgment on the counterclaim is dependent on the existence of such a stipulation. Assuming that the existence of a stipulation is necessary to uphold the judgment entered on defendant's counterclaim (and I do not believe that it is), and if such a stipulation exists, then clearly the majority has erred in allowing the judgment to be vacated. If one does not exist, that would be easy enough to determine. A far better procedure would be to remand the case for findings as to the existence or nonexistence of a stipulation as recited by the trial judge. The judge who tried this case deserves better treatment and consideration than the majority affords him.

Secondly, the plaintiff's own allegations in his complaint would, without any additional stipulation, support the granting of judgment on the pleadings on the counterclaim and belie the subsequent denial in his reply (and the majority's assumption) that the amounts paid by the carrier to the mortgagees were not the "amounts due."

Paragraph 6 of the complaint alleges as follows:

6. That the true and actual cash value of the dwelling destroyed by fire was $84,877.60. The actual cash value of the

Daniels v. Montgomery Mut. Ins. Co.

personal property destroyed by the fire was $62,825.45. The plaintiff also incurred additional living expenses covered by the said policy in the amount of $3,087.50.

Thus, the total damages alleged by the plaintiff are:

|  |  |
|---|---:|
|  | $ 84,877.60 |
|  | 62,825.45 |
|  | 3,087.50 |
| Total | $150,790.55 |

Although the majority has completely overlooked it, the fact is that the plaintiff himself, in his own complaint, alleged as follows:

8. That at the time of said loss by fire, there was a first deed of trust to Industrial Federal Savings and Loan Association of Lexington, North Carolina, and a second deed of trust to Household Finance of High Point, North Carolina. That the defendant has paid to Industrial Federal Savings and Loan Association the sum of $21,382.23, and to Household Finance the sum of $27,268.18.

These mortgages total, according to plaintiff, $48,650.41.

The mathematical calculations evident in plaintiff's own complaint would then be as follows:

|  |  |
|---|---:|
|  | $ 84,877.60 |
|  | 62,825.45 |
|  | 3,087.50 |
| Total Demanded | $150,790.55 |
| Admitted to be due Mortgagees | − 48,650.41 |
| Net demand | $102,140.14 |

As one would expect, the plaintiff demands in paragraph 9 of his complaint and in the *ad damnum* a recovery of $102,140.14 as follows:

9. There is a balance due the plaintiff by the defendant in the amount of $102,140.14. The defendant has failed and refused, after due demand by the plaintiff, to pay said amount owed to the plaintiff or any of it.

---

WHEREFORE, the plaintiff prays the Court that he have and recover from the defendant the sum of $102,140.14 . . . .

Not surprisingly, then, it is precisely the amount due and paid to the mortgagees, to the penny,[1] when subtracted from the amounts plaintiff claims as covered losses, that equals the amount demanded in the complaint. The logic of these allegations in plaintiff's own complaint should not escape even a Supreme Court Justice. At the very least, it makes the existence of a stipulation more probable.

I vote to vacate the decision of the Court of Appeals except as to the part which affirms the trial judge's entry of judgment for defendant carrier for the amounts paid to the mortgagees.

Justice MITCHELL joins in this dissenting opinion.

---

1. The defendant's counterclaim clarified that the amount the carrier paid to Industrial Federal Savings and Loan Association was $21,524.58, rather than $21,382.23, as alleged in the complaint. This corrected amount was admitted by the plaintiff in his reply. The majority merely cites the similar allegations in defendant's answer and in plaintiff's reply thereto.