DAVIS, Judge.
 

 Prior to charging Jesse Santifort with a crime, the State obtained two separate
 
 ex parte
 
 orders compelling the production of his personnel files and educational records. Santifort was not provided with any notice that these documents were being sought. He was subsequently indicted on a charge of involuntary manslaughter. Approximately two months after his indictment, Santifort filed motions to set aside the two
 
 ex parte
 
 orders, which were denied by the trial court. Because we conclude the two
 
 ex parte
 
 orders were void
 
 ab initio
 
 , we reverse.
 

 Factual and Procedural Background
 

 On 3 March 2016, Santifort was employed as a police officer with the Kenly Police Department. On that date, he became involved in a vehicle pursuit that had been initiated by deputies employed by the Wilson County Sheriff's Office.
 

 Eventually, Alexander Thompson-the driver of the vehicle being pursued-wrecked his truck in an open field. Shortly after calling in the wreck, Santifort reported over the radio that he had deployed his Taser against Thompson. Shortly thereafter, Santifort requested emergency medical assistance for Thompson. Paramedics arrived and transported Thompson to WakeMed Hospital where he died three days later.
 

 On 7 March 2016, the State filed an
 
 ex parte
 
 motion in Johnston County Superior Court pursuant to
 
 *216
 
 N.C. Gen. Stat. § 160A-168 seeking the production of Santifort's personnel records from four North Carolina police departments where he had been employed. On that same day, the Honorable Ronald L. Stephens entered orders compelling the disclosure of Santifort's personnel records from all four agencies.
 

 The State filed another
 
 ex parte
 
 motion in Johnston County Superior Court on 13 June 2016 seeking to obtain educational records from Johnston County Community College related to a Basic Law Enforcement Training class attended by Santifort. The Honorable Thomas H. Lock entered an order that same day compelling the disclosure of those records.
 

 Neither of the
 
 ex parte
 
 motions filed by the State contained accompanying affidavits. Furthermore, neither the State's motions nor the orders entered by Judges Stephens and Lock bore a docket number.
 

 On 6 September 2016, Santifort was indicted by a grand jury for involuntary manslaughter. He subsequently learned of the existence of the orders that had been entered by Judges Stephens and Lock. On 30 September 2016, Santifort filed in Johnston County Superior Court-through counsel-notices of appearance, motions to intervene pursuant to Rule 24 of the North Carolina Rules of Civil Procedure, and motions for relief under Rule 60(b) seeking to have the
 
 ex parte
 
 orders vacated.
 

 On 3 November 2016, a hearing was held on Santifort's motions before the Honorable William R. Pittman in Johnston County Superior Court. The following day, Judge Pittman entered an order stating, in pertinent part, as follows:
 

 1. Even though relevant authority suggests a special proceeding as one method of pursuing the kinds of records sought by the State in this matter in the absence of a civil or criminal action, the creation and docketing of a criminal case file pursuant to the indictment gives the defendant interest and standing in all matters pertaining to the investigation and prosecution of the matter.
 

 2. The motion to intervene is therefore moot.
 

 3. Granting the relief requested by the defendant in the motion for relief from prior orders of the Court would require this Court to overrule the orders of Judges Stephens and Lock and staying enforcement of orders already complied with.
 

 4. Judges Stephens and Lock had jurisdiction to enter the prior orders.
 

 5. The prior orders of Judges Stephens and Lock are not void
 
 ab initio
 
 .
 

 6. The prior orders of Judges Stephens and Lock are not the kind of orders contemplated by Rule 60 from which relief can be granted.
 

 7. The Court lacks the authority to overrule these orders rendered by other Superior Court Judges.
 

 8. Ruling on a motion to suppress the State's use at trial of any information contained in the produced records is premature.
 

 ....
 

 NOW, THEREFORE, the Court orders as follows.
 

 1. All motions, orders, and other paper writings in the custody of the Clerk of Superior Court of Johnston County pertaining to the disclosure of personnel records of Jesse Craig Santifort, the delivery of records relating to Jesse Craig Santifort, and disclosure of medical records which are or may be involved in the investigation of the events leading to the indictment of Jesse Craig Santifort shall be marked with the file number of this criminal case and included in the Court file to the extent it has not already been included.
 

 2. The State is ordered to not disclose or disseminate any non-public information in its possession as a result of the prior orders for disclosure of personnel records, for delivery of records, and for disclosure of medical records except as may be required by Chapter 15A of the General Statutes of North Carolina or further order of the Court.
 

 3. Defendant's Motion to Intervene is denied.
 

 4. Defendant's Motion for Relief From Order is denied.
 

 *217
 
 Santifort filed a timely notice of appeal from Judge Pittman's order.
 
 [1]
 

 Analysis
 

 I. Appellate Jurisdiction
 

 The State has moved to dismiss Santifort's appeal on the ground that it is an impermissible appeal from an interlocutory ruling in his criminal case. Therefore, we must determine whether we possess jurisdiction over this appeal.
 

 "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court."
 
 Duval v. OM Hospitality, LLC
 
 ,
 
 186 N.C. App. 390
 
 , 392,
 
 651 S.E.2d 261
 
 , 263 (2007) (citation omitted). Conversely, an order or judgment is interlocutory if it does not settle all of the issues in the case but rather "directs some further proceeding preliminary to the final decree."
 
 Heavner v. Heavner
 
 ,
 
 73 N.C. App. 331
 
 , 332,
 
 326 S.E.2d 78
 
 , 80,
 
 disc. review denied
 
 ,
 
 313 N.C. 601
 
 ,
 
 330 S.E.2d 610
 
 (1985).
 

 "Generally, there is no right of immediate appeal from interlocutory orders and judgments."
 
 Paradigm Consultants, Ltd. v. Builders Mut. Ins. Co.
 
 ,
 
 228 N.C. App. 314
 
 , 317,
 
 745 S.E.2d 69
 
 , 72 (2013) (citation and quotation marks omitted). The prohibition against interlocutory appeals "prevents fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts."
 
 Russell v. State Farm Ins. Co.
 
 ,
 
 136 N.C. App. 798
 
 , 800,
 
 526 S.E.2d 494
 
 , 496 (2000) (citation and brackets omitted). Furthermore, "[t]here is no provision for appeal to the Court of Appeals as a matter of right from an interlocutory order entered in a criminal case."
 
 State v. Henry
 
 ,
 
 318 N.C. 408
 
 , 409,
 
 348 S.E.2d 593
 
 , 593 (1986) (citation omitted).
 

 A primary source of confusion in this appeal arises from Judge Pittman's decision to simply treat the orders of Judges Stephens and Lock as part of Santifort's criminal file. As stated above, the State's filing of the
 
 ex parte
 
 motions for release of Santifort's personnel files and educational records and the entry of the orders granting these motions all occurred
 
 before
 
 Santifort's indictment. Therefore, because no criminal file existed at the time of the
 
 ex parte
 
 motions and the ensuing orders, Judge Pittman's attempt to retroactively incorporate these documents into Santifort's criminal file constituted error.
 

 However, Judge Pittman's handling of these documents is somewhat understandable in light of the errors that had occurred from the inception of the State's decision to seek them prior to the formal initiation of criminal proceedings against him. In order to understand this issue, it is helpful to review the differences set out in the North Carolina General Statutes between civil actions, criminal actions, and special proceedings.
 

 N.C. Gen. Stat. § 1-1
 
 provides that:
 

 Remedies in the courts of justice are divided into-
 

 (1) Actions.
 

 (2) Special proceedings.
 

 N.C. Gen. Stat. § 1-1
 
 (2015).
 

 N.C. Gen. Stat. § 1-2
 
 defines an "action" as "an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment or prevention of a public offense."
 
 N.C. Gen. Stat. § 1-2
 
 (2015).
 
 N.C. Gen. Stat. § 1-3
 
 , in turn, provides that "[e]very other remedy is a special proceeding."
 
 N.C. Gen. Stat. § 1-3
 
 (2015).
 
 [2]
 

 Pursuant to
 
 N.C. Gen. Stat. § 1-4
 
 , "actions" are either civil or criminal.
 
 N.C. Gen. Stat. § 1-4
 
 (2015).
 
 N.C. Gen. Stat. § 1-5
 
 states that a criminal action is "prosecuted by the State as a party, against a person charged with a public offense" or "prosecuted by the State, at the instance of an individual,
 
 *218
 
 to prevent an apprehended crime against his person or property."
 
 N.C. Gen. Stat. § 1-5
 
 (2015). Every other type of "action" is a civil action.
 
 See
 

 N.C. Gen. Stat. § 1-6
 
 (2015). A civil action is "commenced by filing a complaint with the court" or "by the issuance of a summons." N.C. R. Civ. P. 3(a).
 

 Here, the State's
 
 ex parte
 
 motions were not filed in connection with an "action." No criminal action existed because Santifort had not yet been indicted. Moreover, no civil action existed because the State did not file a complaint and no summons was issued. Accordingly, by default, the State's motions should have been treated as initiating a special proceeding. However, as Judge Pittman expressly found in his 4 November 2016 order, "[a] special proceeding was not officially initiated nor docketed."
 
 [3]
 

 Thus, it is clear that error infested the State's proceedings from the very beginning. Had a special proceeding been appropriately initiated and docketed upon the filing of the State's
 
 ex parte
 
 motions, the current appeal would have been from a final judgment in a special proceeding-an appeal as to which appellate jurisdiction would clearly have existed.
 
 See
 

 State v. Leyshon
 
 ,
 
 211 N.C. App. 511
 
 , 519-20,
 
 710 S.E.2d 282
 
 , 289,
 
 appeal dismissed
 
 ,
 
 365 N.C. 338
 
 ,
 
 717 S.E.2d 566
 
 (2011) ("Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action
 
 or special proceeding
 
 may take appeal by filing notice of appeal." (citation, quotation marks, and brackets omitted and emphasis added)). Here, Judge Pittman's 4 November 2016 order denying Santifort's motions under Rules 24 and 60(b) disposed of all matters in connection with the
 
 ex parte
 
 orders. Therefore, we elect to treat Judge Pittman's order as a final judgment in a special proceeding and conclude that we have jurisdiction over Santifort's appeal from this order.
 

 We note that in seeking to dismiss Santifort's appeal on the ground that appellate jurisdiction is lacking, the State, in essence, seeks to punish him for the State's own mishandling of the proceedings in this case. Indeed, the procedural manner in which Santifort sought to challenge the
 
 ex parte
 
 orders constituted a logical effort to make sense of the confused state of affairs that existed. Because he was not a party to the prior proceedings, Santifort properly sought leave to intervene under Rule 24. Similarly, because he sought to have the orders of Judges Stephens and Lock vacated, he invoked Rule 60(b).
 
 [4]
 

 The State argues in the alternative that even assuming this Court possesses jurisdiction over Santifort's appeal from Judge Pittman's order, appellate jurisdiction is nevertheless lacking over his attempt to appeal from the orders of Judges Stephens and Lock because he failed to reference those orders in his notice of appeal as required by Rule 3(d) of the North Carolina Rules of Appellate Procedure.
 
 See
 
 N.C. R. App. P. 3(d) ("The notice of appeal ... shall designate the judgment or order from which appeal is taken ...."). The State is correct that as a general proposition "[n]otice of appeal from denial of a motion to set aside a judgment which does not also specifically appeal the underlying judgment does not properly present the underlying judgment for our review."
 
 Von Ramm v. Von Ramm
 
 ,
 
 99 N.C. App. 153
 
 , 156,
 
 392 S.E.2d 422
 
 , 424 (1990) (citation omitted).
 

 Nevertheless, based upon the extraordinary circumstances present in this case, we choose to exercise our discretion under Rule 21 of the North Carolina Rules of Appellate Procedure and treat Santifort's brief as a petition for
 
 certiorari
 
 with respect to the orders of Judges Stephens and Lock.
 
 See
 

 In re I.S.
 
 ,
 
 170 N.C. App. 78
 
 , 84,
 
 611 S.E.2d 467
 
 , 471 (2005) (recognizing authority of this Court to "exercise its discretion and treat an appellant's appeal as a petition for a writ of certiorari" (citation omitted)). Accordingly, we conclude that we possess jurisdiction over this appeal in its entirety and proceed to address the merits of Santifort's arguments.
 

 *219
 

 II. Motions to Intervene
 

 Santifort first argues that Judge Pittman erred in denying as moot his motions to intervene pursuant to Rule 24(a)(2) of the North Carolina Rules of Civil Procedure. "[A] party is entitled to intervene pursuant to N.C. Gen. Stat. § 1A-1, Rule 24(a)(2) in the event that he or she can demonstrate (1) an interest relating to the property or transaction, (2) practical impairment of the protection of that interest, and (3) inadequate representation of the interest by existing parties."
 
 Bailey & Assocs., Inc. v. Wilmington Bd. Of Adjust.
 
 ,
 
 202 N.C. App. 177
 
 , 185,
 
 689 S.E.2d 576
 
 , 583 (2010) (citation omitted). "This Court reviews a trial court's granting or denying of a motion to intervene [as of right] on a
 
 de novo
 
 basis."
 

 Id.
 

 (citation omitted).
 

 Here, Santifort wished to intervene in
 
 ex parte
 
 proceedings relating to the disclosure of his personnel and educational records. He clearly demonstrated an interest related to the transaction because the records being sought were his own. Furthermore, the very fact that the proceedings before Judges Stephens and Lock were
 
 ex parte
 
 such that Santifort was not notified of either the State's motions or the court's orders demonstrates that he likewise satisfied the remaining prongs of the test under Rule 24(a)(2).
 

 In his 4 November 2016 order, Judge Pittman denied Santifort's motions to intervene on mootness grounds based on his belief that "the creation and docketing of a criminal case file ... gives [Santifort] interest and standing in all matters pertaining to the investigation and prosecution of the matter." As noted above, however, Judge Pittman's decision to simply consolidate the
 
 ex parte
 
 motions and orders into Santifort's criminal file was erroneous. Therefore, Santifort's Rule 24 motions were not-as Judge Pittman concluded-moot. Accordingly, we reverse the portion of Judge Pittman's order denying Santifort's motions to intervene.
 

 III. Rule 60(b) Motions
 

 Santifort next contends that Judge Pittman erred in denying his motions for relief pursuant to Rule 60(b)(4). Specifically, he contends that Judge Pittman should have vacated the orders previously entered by Judges Stephens and Lock because they were void
 
 ab initio
 
 .
 

 It is well established "that no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action."
 
 Calloway v. Ford Motor Co.
 
 ,
 
 281 N.C. 496
 
 , 501,
 
 189 S.E.2d 484
 
 , 488 (1972) (citation omitted). Nevertheless, Rule 60(b)"allows a trial judge to grant a party relief from that judge's or another judge's order or judgment" in certain circumstances, including when the initial order or judgment is void.
 
 Duplin County Dep't of Soc. Servs. ex rel. Pulley v. Frazier
 
 ,
 
 230 N.C. App. 480
 
 , 482,
 
 751 S.E.2d 621
 
 , 623 (2013) (citation omitted). Rule 60(b)(4) expressly provides that a trial court possesses the authority to "relieve a party ... from a final judgment, order, or proceeding" where "[t]he judgment is void." N.C. R. Civ. P. 60(b)(4).
 

 Our case law makes clear, however, that "[a] judgment will not be deemed void merely for an error in law, fact, or procedure. A judgment is void only when the issuing court has no jurisdiction over the parties or subject matter in question or has no authority to render the judgment entered."
 
 Ottway Burton, P.A. v. Blanton
 
 ,
 
 107 N.C. App. 615
 
 , 616,
 
 421 S.E.2d 381
 
 , 382 (1992) (citation omitted). Our Supreme Court has held that an order of a court is void where the court's jurisdiction was never properly invoked.
 
 See
 

 Boseman v. Jarrell
 
 ,
 
 364 N.C. 537
 
 , 546-47,
 
 704 S.E.2d 494
 
 , 501 (2010) (holding that trial court erred in entering order in case where its subject matter jurisdiction had not been invoked and that order was therefore void
 
 ab initio
 
 ).
 

 In determining whether the jurisdiction of the trial court was actually invoked by the State's
 
 ex parte
 
 motions here, we find instructive our Supreme Court's decision in
 
 In re Superior Court Order
 
 ,
 
 315 N.C. 378
 
 ,
 
 338 S.E.2d 307
 
 (1986) and this Court's decision in
 
 In re Brooks
 
 ,
 
 143 N.C. App. 601
 
 ,
 
 548 S.E.2d 748
 
 (2001). In
 
 Superior Court Order
 
 , a prosecutor
 
 *220
 
 filed a petition in superior court seeking to compel bank officials to disclose certain confidential records of a depositor. In the petition, the prosecutor stated that he had "reason to believe that the examination of certain records ... would be in the best interest of justice."
 
 Superior Court Order
 
 ,
 
 315 N.C. at 379
 
 ,
 
 338 S.E.2d at 309
 
 (quotation marks omitted). The trial court entered an
 
 ex parte
 
 order requiring that the records be disclosed.
 

 Id.
 

 On appeal, the Supreme Court noted that although "no statutory provision either authoriz[ed] or prohibit[ed] orders of the type here involved, such authority exists in the inherent power of the court to act when the interests of justice so require."
 

 Id.
 

 at 380
 
 ,
 
 338 S.E.2d at 309
 
 (citation omitted). Nevertheless, the Court held, certain requirements must be met prior to the issuance of an order for the production of confidential records.
 

 [T]he trial judge must be presented with something more than the complainant's bare allegation that it is in the best interest of justice to allow the examination of the customer's bank account records. At a minimum the State must present to the trial judge an affidavit or similar evidence setting forth facts or circumstances sufficient to show reasonable grounds to suspect that a crime has been committed, and that the records sought are likely to bear upon the investigation of that crime. With this evidence before it, the trial court can make an independent decision as to whether the interests of justice require the issuance of an order rather than relying solely upon the opinion of the prosecuting attorney.
 

 Id.
 

 at 381
 
 ,
 
 338 S.E.2d at 310
 
 . The Court concluded that "[b]ecause no such evidence was presented to the trial judge in this case, the order directing the bank to make the records available was not properly issued."
 

 Id.
 

 In
 
 Brooks
 
 , a district attorney filed
 
 ex parte
 
 petitions seeking the release of the personnel files of two police officers allegedly involved in an assault.
 
 Brooks
 
 ,
 
 143 N.C. App. at 602
 
 ,
 
 548 S.E.2d at 750
 
 . The petitions contained a statement that the requested documents were "necessary to a full and complete investigation ... and would be in the best administration of justice" but "were not supported by affidavits, nor did they reference any legal authority."
 

 Id.
 

 (citation omitted). The trial court entered
 
 ex parte
 
 orders compelling the production of the officers' personnel files.
 
 Id.
 
 at 602-03,
 
 548 S.E.2d at 750
 
 . Neither the State's petitions nor the trial court's orders were initially assigned docket numbers. The officers appealed the trial court's order on the grounds that "the Superior Court did not have jurisdiction or the authority to ... authoriz[e] the disclosure of information in their personnel files."
 
 Id.
 
 at 606,
 
 548 S.E.2d at 752
 
 .
 

 The State argued on appeal that the trial court possessed the authority to enter the
 
 ex parte
 
 orders pursuant to N.C. Gen. Stat. § 160A-168.
 

 Id.
 

 As an initial matter, we noted that
 

 [a]ll information contained in a city employee's personnel file, other than the information made public ..., is confidential. Personnel files of employees, former employees, or applicants for employment maintained by a city are subject to inspection and may be disclosed only as provided by section 160A-168 of the North Carolina General Statutes. Section 160A-168(c)(4) provides: By order of a court of competent jurisdiction, any person may examine such portion of an employee's personnel file as may be ordered by the court.
 

 Id.
 

 (internal citations, quotation marks, and brackets omitted).
 

 We recognized that "[t]he plain language of section 160A-168(c)(4) indicates that the Superior Court ... being a court of competent jurisdiction, [is] indeed authorized to allow the inspection of ... personnel files."
 

 Id.
 

 (citation omitted). We observed, however, that N.C. Gen. Stat. § 160A-168(c)(4)"does not provide for procedures allowing or directing the court to [order disclosure of personnel files]."
 

 Id.
 

 This Court determined that in issuing an order compelling the disclosure of an officer's personnel file, "the Superior Court must utilize its inherent power and implement and follow procedures which effectively and practically ... effectuate the intent of
 
 *221
 
 section 160A-168, that an officer's files remain confidential."
 
 Id.
 
 at 611,
 
 548 S.E.2d at 755
 
 (citation, quotation marks, and brackets omitted). We ruled that "[a]t a minimum, an
 
 ex parte
 
 petition submitted pursuant to section 160A-168(c)(4) should be accompanied by sworn affidavit(s) or similar evidence, including specific factual allegations detailing reasons justifying disclosure."
 

 Id.
 

 We further held that "the Superior Court should docket petitions submitted and orders entered pursuant to section 160A-168(c)(4) per its rules for docketing 'special proceedings.' "
 

 Id.
 

 We then summarized our holding as follows:
 

 The petitions presented to the Superior Court in the present case were simply inadequate to justify the issuance of an
 
 ex parte
 
 order under section 160A-168(c)(4). The petitions were unsworn, not accompanied by any affidavits or other similar evidence, and amounted to nothing more than [the district attorney's] own opinion-that the disclosure of the officers' files was in the best interest of the administration of justice. ... We also note that there is no indication that the case was docketed as a "special proceeding" or any other type of proceeding in the Superior Court until the failure to assign a file number to the matter was brought to the Superior Court's attention by the officers. ...
 

 We therefore find that the Superior Court could not make an independent determination as to whether the interests of justice require the issuance of an order under section 160A-168(c)(4). Thus, the Superior Court erred in issuing its 13 April 1999 order and failing to vacate and set aside those orders in their entirety.
 

 Id.
 
 at 611-12,
 
 548 S.E.2d at 755
 
 (quotation marks omitted).
 

 Based on the principles discussed in
 
 Superior Court Order
 
 and
 
 Brooks
 
 , we conclude that the orders entered by Judges Stephens and Lock were void
 
 ab initio
 
 . The State did not present affidavits or other comparable evidence in support of their motions for the release of Santifort's personnel files and educational records sufficiently demonstrating their need for the documents being sought. Nor was a special proceeding, a civil action, or a criminal action ever initiated in connection with the
 
 ex parte
 
 motions and orders. For these reasons, the State never took the steps necessary to invoke the superior court's jurisdiction.
 

 Because the orders of Judges Stephens and Lock were therefore void, Judge Pittman not only possessed the authority to vacate those orders pursuant to Santifort's motions under Rule 60(b) but also committed reversible error in failing to do so. Accordingly, we reverse the portion of Judge Pittman's order denying Santifort's Rule 60(b) motions.
 

 Conclusion
 

 For the reasons stated above, we (1) reverse those portions of Judge Pittman's 4 November 2016 order denying Santifort's motions under Rule 24 and Rule 60(b); and (2) remand for further proceedings not inconsistent with this opinion.
 

 REVERSED IN PART AND REMANDED.
 

 Judges STROUD and HUNTER, JR. concur.
 

 [1]
 

 While Santifort challenges the portions of Judge Pittman's order denying his motions to intervene and motions under Rule 60(b), his appeal does not implicate other provisions of the order that dealt with various unrelated issues. Therefore, our review of Judge Pittman's order is limited solely to those portions that are the subject of Santifort's arguments.
 

 [2]
 

 Thus, a special proceeding is defined by what it is not.
 

 [3]
 

 The State does not challenge this finding in the present appeal.
 

 [4]
 

 N.C. Gen. Stat. § 1-393
 
 expressly provides that the Rules of Civil Procedure are applicable to special proceedings.
 
 N.C. Gen. Stat. § 1-393
 
 (2015).