IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-653

 Filed: 5 May 2020

Washington County, No. OCA 2017-08-0026

IN RE: WASHINGTON COUNTY SHERIFF’S OFFICE

 Appeal by petitioner-appellant from orders entered 20 February and 1 March

2018 by Judge Wayland J. Sermons, Jr. in Washington County Superior Court.

Heard in the Court of Appeals 28 March 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Jason P.
 Caccamo, for the State.

 J. Michael McGuinness for petitioner-appellant.

 Megan Milliken for The Southern States Police Benevolent Association and The
 North Carolina Police Benevolent Association, amicus curiae.

 MURPHY, Judge.

 The District Attorney of Washington County (“the State”) filed an Ex Parte

Motion for In Camera Review in the Superior Court of Washington County “to

determine whether or not [a criminal investigative file] contain[ed] potentially

exculpatory information” involving Appellant “that the State would be required to

disclose . . . in cases [in which] the State intends to call [Appellant] as a witness.” The

State’s motion was not filed in correlation with any ongoing trial or criminal

prosecution, but for the purpose of determining whether the investigative file in
 IN RE WASH. CTY. SHERIFF’S OFFICE

 Opinion of the Court

question contained information the State would be required to disclose to potential

criminal defendants in the future. The judge reviewed the file and ordered the

District Attorney’s Office to, “in any criminal matter wherein the State of North

Carolina intends to call [Appellant] as a witness, disclose to the defendant and/or

defendant’s counsel the contents of” the investigative file.

 On appeal, Appellant argues the judge erred in issuing the 20 February and 1

March 2018 ex parte orders because he was not provided notice and an opportunity

to be heard. Appellant further contends that the judge erred in issuing the 1 March

2018 order because the judge (1) lacked subject matter jurisdiction to act on the

State’s ex parte motion for in camera review, (2) violated his procedural due process

rights under the United States and North Carolina Constitutions, and (3) violated his

rights to liberty and to enjoy the fruits of his labor under the North Carolina

Constitution. The judge exceeded the limits of its jurisdiction by entering an advisory

opinion, which is hereby vacated.

 BACKGROUND

 Washington County Sheriff’s Office criminal investigative file OCA #2017-08-

0026 concerned an investigation conducted in part by Appellant, a North Carolina

law enforcement officer. The State filed an Ex Parte Motion for In Camera Review of

Investigative Report and for Protective Order.

 -2-
 IN RE WASH. CTY. SHERIFF’S OFFICE

 Opinion of the Court

 Appellant was identified in the State’s motion as “a potential witness in

criminal cases.” The State further alleged that Appellant “may have mislead [sic]

and deceived a superior officer[,] . . . [and] may have not been truthful and honest in

the preparation of the investigative report related to his actions that may have

mislead [sic] and deceived a superior officer.” Additionally, the State alleged that it

had “a sufficient basis to believe that potential impeachment or exculpatory evidence

exists within OCA #2017-08-0026.”1

 The judge ordered the District Attorney’s Office, consistent with the request

contained in the motion, to submit copies of the criminal investigative file to the judge

“to determine whether or not it contain[ed] potentially exculpatory information that

the State would be required to disclose” in future cases. The file contained

documented inconsistencies in Appellant’s reports relating to the criminal

investigation and his description of events to his superiors.

 On 1 March 2018, following the in camera review, the judge entered an order

with the following findings of fact:

 1 The State’s motion references OCA #2017-08-0026 as an investigative file, but then alleges
that the file is a personnel record and an internal affairs file. The judge’s order makes the same
statement. However, Appellant did not allege in any motion filed in the lower court that the file was
a personnel record, nor does he argue on appeal that the criminal investigative file at issue is a
personnel record that is subject to disclosure only pursuant to the terms of N.C.G.S. § 153A-98. In
fact, in his brief, Appellant acknowledges that the records at issue are “investigative records involving
[Appellant].” Moreover, there is no indication the file is an internal affairs file.
 We note that an OCA number typically refers to the unique number assigned to criminal
investigations by law enforcement agencies, and the file contained in the Record, Washington County
Sheriff’s Office OCA #2017-08-0026, concerned the investigation of a home invasion and shooting.
Thus, we refer to the file as a criminal investigative file.

 -3-
 IN RE WASH. CTY. SHERIFF’S OFFICE

 Opinion of the Court

 2. That [Appellant] was an investigatin[g] officer in
 Washington County Sheriff’s Office OCA #2017-08-0026[.]

 ...

 5. The State has an affirmative ethical and
 constitutional obligation to disclose evidence favorable to a
 criminal defendant. . . . Counsel for the State is responsible
 for a failure to disclose exculpatory information in the
 possession of the police department, knowledge of which is
 imputed to the prosecutor.

 The judge concluded as a matter of law that the information contained in the

investigative file “contain[ed] potentially exculpatory information that the State

would be required to disclose under Brady, Giglio[,] and/or Laurie, in cases involving

[Appellant] as a witness.” The judge also concluded as a matter of law that

 8. The public policy concerns, and those of [Appellant],
 in protecting the confidentiality of this file is outweighed
 by the rights of criminal defendants in cases where
 [Appellant] is or may be a witness in accordance with
 Brady, Giglio[,] and Laurie material.

 9. [T]here is a sufficient basis to believe that potential
 impeachment or exculpatory evidence exists within
 Washington County Sheriff’s Office OCA #2017-08-0026[.]”

 The judge ordered the State to “disclose to the defendant and/or defendant’s

counsel the contents” of the criminal investigative file “in any criminal matter” in

which the State intends to call [Appellant] as a witness. The ordered disclosure was

to be made “in compliance with the State’s Constitutional responsibility to disclose

potentially exculpatory information.”

 -4-
 IN RE WASH. CTY. SHERIFF’S OFFICE

 Opinion of the Court

 Per the terms of the order, the State notified Appellant of the order by a letter

dated 1 March 2018. On 28 March 2018, Appellant noticed his appeal from the judge’s

20 February and 1 March 2018 orders. Appellant also filed a motion requesting the

production of documents considered by the judge in issuing said orders. The judge

granted Appellant’s motion “on the express condition that such documents shall

remain confidential between [Appellant] and his counsel.” However, the judge

authorized Appellant to “use [the] disclosed records in connection with any litigation

arising out of the disclosure of [the] records,” including the appeal now before us.

 ANALYSIS

 In the context of Brady and Giglio disclosures, trial courts have the authority

to require the government to disclose exculpatory and/or impeachment evidence.

State v. Martinez, 212 N.C. App. 661, 666, 711 S.E.2d 787, 790-91 (2011); see also

State v. Lynn, 157 N.C. App. 217, 224, 578 S.E.2d 628, 633 (2003). However, this

matter is not a situation where the judge has issued an order requiring disclosure of

exculpatory or impeachment evidence in a criminal matter over which the court is

presently presiding. Instead, the judge’s order here attempts to require disclosure “in

any criminal matter wherein the State of North Carolina intends to call [Appellant]

as a witness” in the future. There is a fine line between declaratory judgments, which

trial courts have the statutory authority to enter, and advisory opinions, which go

beyond a trial court’s judicial authority. See, e.g., Lide v. Mears, 231 N.C. 111, 117,

 -5-
 IN RE WASH. CTY. SHERIFF’S OFFICE

 Opinion of the Court

56 S.E.2d 404, 409 (1949) (“The Uniform Declaratory Judgment Act does not license

litigants to fish in judicial ponds for legal advice.”); Town of Tryon v. Duke Power Co.,

222 N.C. 200, 204, 22 S.E.2d 450, 453 (1942) (noting that it is not the function of the

courts “to give a purely advisory opinion which the parties might, so to speak, put on

ice to be used if and when occasion might arise”). Here, the judge’s order is purely

advisory and therefore an improper exercise of its power. Duke Power Co., 222 at

204, 22 S.E.2d at 453 (citing Ashwander v. Tenn. Valley Auth., 297 U.S. 288, 324, 80

L. Ed. 688, 699 (1936).

 The judge’s order in this matter is an anticipatory judgment providing for the

contingency that Appellant is to be called as a witness by the State in a future

criminal case. The judge’s order requires the State to, “in any criminal matter

wherein the State of North Carolina intends to call [Appellant] as a witness, disclose

to the defendant and/or defendant’s counsel the contents of Washington County

Sheriff’s Office OCA #2017-08-0026 . . . in compliance with the State’s Constitutional

responsibility to disclose potentially exculpatory information.” Such an order is

purely speculative and amounts to, using the language of our Supreme Court, “a

purely advisory opinion which the parties might, so to speak, put on ice to be used if

and when occasion might arise.” Duke Power Co., 222 N.C. at 204, 22 S.E.2d at 453.

Such an order exceeds the scope of the judge’s power and must be vacated.

 -6-
 IN RE WASH. CTY. SHERIFF’S OFFICE

 Opinion of the Court

 The advisory nature of the judge’s order in this case is especially evident when

we consider the alternative scenario in which it ruled the State is not required to

disclose information contained in the investigative report in future cases. Would such

a holding bind trial courts or District Attorneys from making independent Brady or

Giglio determinations? Would future defendants be deprived of the opportunity to

argue the exculpatory or impeachment value of the report? These questions are

undoubtedly answered in the negative because in every criminal case, the prosecutor

retains an “affirmative duty to disclose evidence favorable to a defendant[.]” Kyles v.

Whitley, 514 U.S. 419, 432, 131 L. Ed. 2d 490, 505 (1995).

 “The courts have no jurisdiction to determine matters purely speculative, enter

anticipatory judgments, . . . deal with theoretical problems, give advisory

opinions, . . . , provide for contingencies which may hereafter arise, or give abstract

opinions.” Little v. Wachovia Bank & Tr. Co., 252 N.C. 229, 243, 113 S.E.2d 689, 700

(1960); see also Wise v. Harrington Grove Cmty. Ass’n, Inc., 357 N.C. 396, 408, 584

S.E.2d 731, 740 (2003) (holding that deciding an issue not “drawn into focus by [the

court] proceedings” would “render an unnecessary advisory opinion”); In re Davis’

Custody, 248 N.C. 423, 426, 103 S.E.2d 503, 505 (1958) (holding that a trial court

“rendered an advisory opinion that [a father] shall not be bound by any order of the

Domestic Relations Court . . . [regarding custody of two minors] . . . from this date

forward”) (internal quotation marks omitted); State v. Herrin, 213 N.C. App. 68, 75,

 -7-
 IN RE WASH. CTY. SHERIFF’S OFFICE

 Opinion of the Court

711 S.E.2d 802, 808 (2011) (holding that a sentencing matter was not ripe for

appellate review because it would arise, if at all, only if defendant was ordered by a

future court to serve a consecutive sentence); In re Wright, 137 N.C. App. 104, 112,

527 S.E.2d 70, 75 (2000) (holding that the question of whether a punishment was

cruel and unusual was not “ripe for review” because the defendant had “been neither

tried nor convicted of any crime”). Here, the trial court’s order amounts to an

improper advisory opinion, which must be vacated.

 CONCLUSION

 Every defendant enjoys the right to evidence in the hands of the State which

may have exculpatory or impeachment value. However, here, there is no actual

controversy, as there are no actual defendants on the other side. Rather, the judge’s

order is an advisory opinion regarding the State’s obligation towards purely

hypothetical future defendants. The issuance of the order was not a proper exercise

of its judicial power.

 VACATED.

 Judge DILLON concurs.

 Judge BERGER dissents with a separate opinion.

 -8-
 No. COA19-202 – In re: Washington County Sheriff’s Office

 BERGER, Judge, dissent in separate opinion.

 I respectfully dissent.

 First, it must be noted that petitioner seeks relief through a process which

currently is not established in our law. Petitioner certainly advances reasonable

concerns about the potential harm that could occur for law enforcement officers

wrongly identified as having been untruthful. However, petitioner’s concerns, and

the procedure he seeks to implement, are better vetted and established by the

legislature.

 As Justice Scalia noted, “the court makes an amazing amount of decisions that

ought to be made by the people.” Judges are low-information decision makers. We

are at all times limited to the parties before us, the information they provide, and the

particular facts of their case. Before us in this case, we have a law enforcement officer

from Washington County, in what is essentially an in rem proceeding. Petitioner

seeks to establish a procedure that would impact prosecutors, police chiefs, sheriffs,

and judges across the State of North Carolina. Petitioner wants the benefits of a new

procedure with no input from public servants whose job it is to protect the public,

protect constitutional rights, and seek justice.

 “[R]ecognition of a new cause of action is a policy decision which falls within

the province of the legislature.” Curl v. Am. Multimedia, Inc., 187 N.C. App. 649,

656, 654 S.E.2d 76, 81 (2007) (quoting Ipock v. Gilmore, 85 N.C. App. 70, 73, 354

S.E.2d 315, 317 (1987)). Thus, these concerns should be addressed to the one hundred
 IN RE WASHINGTON COUNTY SHERIFF’S OFFICE

 BERGER, J., dissenting in separate opinion

seventy men and women in our legislature. The people, through their elected

representatives from across this state, would scrutinize information, arguments, and

positions from all affected groups. In the long run, law enforcement officers may

obtain a clear and certain process to not only establish a property right but to protect

the same. If we do not stay in our separation-of-powers lane, we run the risk of

creating, on the one extreme, a system that does not adequately protect petitioner’s

concerns, and at the other, creating unworkable standards and procedures which lead

to even more litigation.

 To the merits of this matter, the majority concludes that the trial court did not

have jurisdiction to issue the requested order. For the reasons stated below, I dissent

from the majority opinion.

 A prosecutor

 is the representative not of an ordinary party to a
 controversy, but of a sovereignty whose obligation to
 govern impartially is as compelling as its obligation to
 govern at all; and whose interest, therefore, in a criminal
 prosecution is not that it shall win a case, but that justice
 shall be done. As such, he is in a peculiar and very definite
 sense the servant of the law, the twofold aim of which is
 that guilt shall not escape or innocence suffer.

Berger v. United States, 295 U.S. 78, 88 (1935). “A prosecutor has the responsibility

of a minister of justice and not simply that of an advocate; the prosecutor’s duty is to

seek justice.” N.C. Rules of Prof’l Conduct r. 3.8, cmt. 1 (2017).

 2
 IN RE WASHINGTON COUNTY SHERIFF’S OFFICE

 BERGER, J., dissenting in separate opinion

 North Carolina’s District Attorneys are responsible for, inter alia, “the

prosecution on behalf of the State of all criminal actions in” his or her prosecutorial

district. N.C. CONST. art. IV, § 18(1); see also N.C. Gen. Stat. § 7A-61 (2019). “The

district attorney’s performance of his duties . . . is tempered by his obligation to the

defendant to assure that he is afforded his right to a fair trial.” State v. Barfield, 298

N.C. 306, 331, 259 S.E.2d 510, 531 (1979).

 The United States Supreme Court has acknowledged that criminal defendants

have “what might loosely be called . . . constitutionally guaranteed access to

evidence.” United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982). In Brady v.

Maryland, the United States Supreme Court held that “suppression by the

prosecution of evidence favorable to an accused . . . violates due process where the

evidence is material either to guilt or to punishment.” Brady v. Maryland, 373 U.S.

83, 87 (1963). “The Brady rule is based on the requirement of due process. Its

purpose is . . . to ensure that a miscarriage of justice does not occur.” United States

v. Bagley, 473 U.S. 667, 675 (1985) (footnote omitted).

 In Giglio v. United States, the United States Supreme Court expanded Brady

to require disclosure of evidence that could be used to impeach the credibility of a

State’s witness “[w]hen the reliability of [the] witness may well be determinative of

guilt or innocence.” Giglio v. United States, 405 U.S. 150, 154 (1972) (citation and

quotation marks omitted). Further, “suppression of material evidence justifies a new

 3
 IN RE WASHINGTON COUNTY SHERIFF’S OFFICE

 BERGER, J., dissenting in separate opinion

trial irrespective of the good faith or bad faith of the prosecution.” Id. at 153 (citation

and quotation marks omitted).

 In addition, prosecutors in the State of North Carolina are required to “make

timely disclosure to the defense of all evidence or information . . . that tends to negate

the guilt of the accused or mitigates the offense” without regard to materiality. N.C.

Rules of Prof’l Conduct r. 3.8(d), r. 3.8 cmt. 4 (2017).

 Evidence that a witness has been untruthful may be useful to a defendant, not

only in calling into question the credibility of that witness, but also to attack “the

reliability of [an] investigation.” Kyles v. Whitley, 514 U.S. 419, 447 (1995). Thus,

even without the issuance of the Giglio order by the trial court, pursuant to Brady

and Rule 3.8(d) of the North Carolina Rules of Professional Conduct, the State would

have a duty to disclose the criminal investigative file at issue here to any future

defendant in any future case in which petitioner would testify.

 In this case, the criminal investigative file in question contained evidence

suggesting that petitioner “may have mislead (sic) and deceived a superior officer in

the performance of his duties” and “may have not been truthful and honest in the

preparation of the investigative report related to his actions that may have mislead

(sic) and deceived a superior officer” such that the State had “a sufficient basis to

believe that potential impeachment or exculpatory evidence” existed within the file.

Disclosure of this evidence would be required for every criminal defendant in a case

 4
 IN RE WASHINGTON COUNTY SHERIFF’S OFFICE

 BERGER, J., dissenting in separate opinion

where petitioner was a potential witness. This is not speculative or anticipatory; it

is basic criminal procedure. In fact, petitioner has not argued that the information

contained in the criminal investigative file would not be subject to disclosure under

Brady or Giglio, or the Rules of Professional Conduct.

 The question of “[w]hether a trial court has subject-matter jurisdiction is a

question of law, reviewed de novo on appeal.” McKoy v. McKoy, 202 N.C. App. 509,

511, 689 S.E.2d 590, 592 (2010) (citation omitted). “[A]n order of a court is void where

the court’s [subject matter] jurisdiction was never properly invoked.” State v.

Santifort, 257 N.C. App. 211, 219, 809 S.E.2d 213, 219 (2017).

 “Subject matter jurisdiction is conferred upon the courts by either the North

Carolina Constitution or by statute.” Harris v. Pembaur, 84 N.C. App. 666, 667, 353

S.E.2d 673, 675 (1987). Our General Assembly, “within constitutional limitations,

can fix and circumscribe the jurisdiction of the courts of this State.” Bullington v.

Angel, 220 N.C. 18, 20, 16 S.E.2d 411, 412 (1941). “Where jurisdiction is statutory

and the Legislature requires the Court to exercise its jurisdiction in a certain manner,

to follow a certain procedure, or otherwise subjects the Court to certain limitations,

an act of the Court beyond these limits is in excess of its jurisdiction.” Eudy v. Eudy,

288 N.C. 71, 75, 215 S.E.2d 782, 785 (1975). Where jurisdiction is statutory and our

legislature has not prescribed a certain manner, procedure, or limitation, the court is

required to “utilize its inherent power and implement and follow procedures which

 5
 IN RE WASHINGTON COUNTY SHERIFF’S OFFICE

 BERGER, J., dissenting in separate opinion

effectively and practically . . . effectuate the intent of [the statute.]” Santifort, 257

N.C. App. at 221, 809 S.E.2d at 220-21; see also State v. Hardy, 293 N.C. 105, 124,

235 S.E.2d 828, 840 (1977) (explaining that the trial court is “not necessarily

preclude[d] . . . from ordering discovery in his discretion.”).

 “Disclosure of records of criminal investigations . . . that have been transmitted

to a district attorney or other attorney authorized to prosecute a violation of law shall

be governed by [Section 132-1.4] and Chapter 15A of the General Statutes.” N.C.

Gen. Stat. § 132-1.4(g) (2019). “Records of criminal investigations conducted by public

law enforcement agencies . . . may be released by order of a court of competent

jurisdiction.” N.C. Gen. Stat. § 132-1.4(a).

 Pursuant to Section 132-1.4(b)(1),

 “Records of criminal investigations” means all records or
 any information that pertains to a person or group of
 persons that is compiled by public law enforcement
 agencies for the purpose of attempting to prevent or solve
 violations of the law, including information derived from
 witnesses, laboratory tests, surveillance, investigators,
 confidential informants, photographs, and measurements.
 The term also includes any records, worksheets, reports, or
 analyses prepared or conducted by the North Carolina
 State Crime Laboratory at the request of any public law
 enforcement agency in connection with a criminal
 investigation.

N.C. Gen. Stat. § 132-1.4(b)(1).

 Section 132-1.4 does not provide a precise procedure for a trial court’s

authorization to release records of criminal investigations. Thus, the trial court must

 6
 IN RE WASHINGTON COUNTY SHERIFF’S OFFICE

 BERGER, J., dissenting in separate opinion

“utilize its inherent power and implement and follow procedures which effectively

and practically effectuate the intent of [the statute]” if it is to order the release of

records of criminal investigations. In re Brooks, 143 N.C. App. 601, 611, 548 S.E.2d

748, 755 (2001) (purgandum).

 This Court has not specifically ruled on whether, and by what process, a trial

court may properly review law enforcement investigation files in camera pursuant to

an ex parte motion of a prosecutor to determine whether the content of the files

requires disclosure under Brady, Giglio, or the Rules of Professional Conduct.

However, our opinions in In re Albemarle Mental Health Center, 42 N.C. App. 292,

256 S.E.2d 818 (1979) and In re Brooks are instructive.2

 In Albemarle Mental Health and Brooks, this Court determined whether the

superior court had jurisdiction to issue ex parte orders for disclosure of certain records

or information after in camera review where the General Statutes provided for

 2 In Santifort, this Court deviated from its earlier holdings in Albemarle Mental Health and
Brooks that a district attorney’s failure to follow the Rules of Civil Procedure to initiate a special
proceeding need not preclude the superior court’s jurisdiction. Santifort, 257 N.C. App. at 222, 809
S.E.2d at 221. While the Santifort court noted that the State’s ex parte motions should have been
treated as initiating a special proceeding, it nonetheless held that “the State never took the steps
necessary to invoke the superior court’s jurisdiction” where a “special proceeding was not officially
initiated nor docketed.” Id. at 216, 222, 809 S.E.2d at 218, 221.
 We note that “our Supreme Court has instructed this Court, ‘where a panel of the Court of
Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is
bound by that precedent, unless it has been overturned by a higher court.’ In re Civil Penalty, 324 N.C.
373, 384, 379 S.E.2d 30, 37 (1989). [Santifort] created a direct conflict in this area of the law by
deviating from precedent.” In re I.W.P., 259 N.C. App. 254, 263, 815 S.E.2d 696, 704 (2018). “[W]here
there is a conflicting line of cases, a panel of this Court should follow the older of those two lines.” Id.
at 263, 815 S.E.2d at 704 (quoting Respess v. Respess, 232 N.C. App 611, 625, 754 SE.2d 691 701
(2014)). Accordingly, Albemarle Mental Health and Brooks should control.

 7
 IN RE WASHINGTON COUNTY SHERIFF’S OFFICE

 BERGER, J., dissenting in separate opinion

judicial disclosure but did not “provide precise statutory directions for fulfilling this

responsibility.” Albemarle Mental Health, 42 N.C. App. at 296, 256 S.E.2d at 821. In

those cases, this Court considered (1) whether the superior court’s jurisdiction had

been properly invoked under applicable statute, and (2) whether the process used to

obtain the ex parte orders was in keeping with the intent of the statute.

 In Albemarle Mental Health, a District Attorney learned that an employee at

the Albemarle Mental Health Center had obtained information about an alleged

murder from an unnamed patient. The District Attorney requested that the clinic’s

director provide the information either to him or to an agent at the State Bureau of

Investigation. Id. at 293, 256 S.E.2d at 819. The clinic’s director declined to provide

the information citing physician/patient privilege under N.C. Gen. Stat. § 8-53, or

psychologist/client privilege under N.C. Gen. Stat. § 8-53.3. Id. at 298, 256 S.E.2d at

822.

 “The District Attorney, sensitive to his responsibility to enforce the criminal

law in his district,” Id. at 300, 256 S.E.2d at 823, then filed a motion in the superior

court, pursuant to N.C. Gen. Stat. § 8-53.3, requesting an in camera hearing “to

determine: (1) whether [the requested] information . . . constituted privileged

information; (2) whether such information was relevant to an alleged homicide . . . ,

and; (3) whether disclosure of such information to law enforcement officers was

necessary to a proper administration of justice.” Id. at 293, 256 S.E.2d at 819. The

 8
 IN RE WASHINGTON COUNTY SHERIFF’S OFFICE

 BERGER, J., dissenting in separate opinion

District Attorney asked that the superior court “issue an order . . . compelling

disclosure of the information if the court determined that the information was

relevant to criminal acts and that its disclosure was necessary to provide for the

proper administration of justice.” Id. at 293-94, 256 S.E.2d at 819-20 (emphasis

added).

 The superior court ordered the clinic director and employees to appear, but

concluded that it did not have jurisdiction “to proceed and to determine the merits,

rights and duties of the parties” because “[n]o criminal proceeding ha[d] been

instituted,” and “[n]o subpoena or other lawful process of the Court had been issued

in any judicial proceeding giving the Court jurisdiction over the . . . [c]enter.” Id. at

294-95, 256 S.E.2d at 818.

 On appeal, the State argued that the “cause [was] in the nature of a special

proceeding.” Id. at 295, 256 S.E.2d at 820.

 G.S. 1-2 provides that “An action is an ordinary proceeding
 in a court of justice, by which a party prosecutes another
 party for the enforcement or protection of a right, the
 redress or prevention of a wrong, or the punishment or
 prevention of a public offense.” G.S. 1-3 provides that
 “Every other remedy is a special proceeding.” Moreover,
 G.S. 1-394 provides in part that “Special proceedings
 against adverse parties shall be commenced as is
 prescribed for civil actions.” . . . [P]ursuant to G.S. 1A-1,
 Rule 3 . . . a civil action may be commenced only by the
 filing of a complaint or by the issuance of a summons with
 permission of the court to file complaint within twenty
 days.

 9
 IN RE WASHINGTON COUNTY SHERIFF’S OFFICE

 BERGER, J., dissenting in separate opinion

Id. at 295-96, 256 S.E.2d at 820-21 (emphasis added). The respondent argued that

because the special proceeding was not commenced pursuant to the Rules of Civil

Procedure, the superior court did not have jurisdiction. Id. at 295, 256 S.E.2d at 820.

 This Court noted that while the proceeding was “[c]learly . . . not commenced

pursuant to our statutory requirements for initiating a civil action . . . our law is [not]

so inflexible as to preclude the superior court’s jurisdiction in a matter of such

moment.” Id. at 296, 256 S.E.2d at 821. This Court further stated that

 [t]he superior court is the proper trial division for [a
 special] proceeding of this nature. See G.S. 7A-246. The
 judicial power of the superior court is that which is granted
 by the Constitution and laws of the State. Baker v. Varser,
 239 N.C. 180, 79 S.E. 2d 757 (1954). Within the guidelines
 of our Constitution, the legislature is charged with the
 responsibility of providing the necessary procedures for the
 proper commencement of a matter before the courts.
 Occasionally, however, the proscribed (sic) procedures of a
 statutory scheme fail to embrace the unanticipated and
 extraordinary proceeding such as that disclosed by the
 record before us. In similar situations, it has been long held
 that courts have the inherent power to assume jurisdiction
 and issue necessary process in order to fulfill their assigned
 mission of administering justice efficiently and promptly.

Id. at 296, 256 S.E.2d at 821. Where “[o]ur legislature plainly intended that the

implementation of [statutory] provisos . . . be a function of the judiciary[,]” but failed

to “provide precise statutory directions for fulfilling this responsibility, it becomes

incumbent upon the courts to proceed in a manner consistent with law.” Id. at 296,

256 S.E.2d at 821.

 10
 IN RE WASHINGTON COUNTY SHERIFF’S OFFICE

 BERGER, J., dissenting in separate opinion

 Under the above facts, this Court determined that the superior court in

Albemarle Mental Health had “proceed[ed] in a manner consistent with” the statutory

proviso that “the presiding judge of a superior court may compel [ ] disclosure, if in

his opinion the same is necessary to a proper administration of justice.” Id. at 296-

97, 256 S.E.2d at 821-22 (citation and quotation marks omitted).

 In Brooks, the Orange County District Attorney filed ex parte petitions seeking

the release of the personnel and internal affairs files of two police officers. The

petitions included factual allegations related to an assault allegedly committed by

the officers, as well as a statement by the District Attorney that the files were

“necessary to a full and complete investigation . . . and [release of the files] would be

in the best interest of the administration of justice.” Brooks, 143 N.C. App. at 602,

548 S.E.2d at 750. The petitions “were not supported by affidavits, [and did not]

reference any legal authority allowing [the District Attorney] to seek the release.” Id.

at 602, 548 S.E.2d at 750. The superior court granted the District Attorney’s requests

and ordered the release of the personnel and internal affairs records. The officers

appealed, arguing, inter alia, that the superior court had neither jurisdiction, nor the

authority to order the disclosure of the records. Id. at 606, 548 S.E.2d at 752. The

State argued that “the [s]uperior [c]ourt retained the authority to grant [the District

Attorney’s] request pursuant to North Carolina General Statutes section 160A-168.”

Id. at 606, 548 N.C. App. at 752. According to the officers, because the applicable

 11
 IN RE WASHINGTON COUNTY SHERIFF’S OFFICE

 BERGER, J., dissenting in separate opinion

statute “provide[d] no statutory basis to initiate such a release of documents on an ex

parte basis,” it does not authorize the release of their personnel files. Id. at 606, 548

N.C. App. at 752 (quotation marks omitted).

 This Court concluded that where a statute authorizes the disclosure of

“personnel files by order of a court of competent jurisdiction,” but does not “specify

the exact procedure required to obtain such an order, or whether such an order could

be sought without first filing a civil or criminal action.” Id. at 608-09, 548 S.E.2d at

753.

 [T]here is nothing inherent in the wording of [the statute]
 that would prohibit the court in the proper administration
 of justice from requiring disclosure . . . the [s]uperior [c]ourt
 [is] required to exercise its inherent or implied power for
 the proper administration of justice and fashion an order
 allowing for the disclosure of the records pursuant to [the
 statute].

Id. at 608-09, 548 S.E.2d at 753 (quotation marks omitted). Furthermore, this Court

reasoned that the proceeding before the superior court was a special proceeding

because “it was not an action in an ordinary proceeding in a court of justice.” Id. at

609, 548 S.E.2d at 754 (purgandum). “[T]he [s]uperior [c]ourt is the proper division .

. . for the hearing and trial of all special proceedings.” Id. at 609, 548 S.E.2d at 754.

(citation and quotation marks omitted). Therefore, the District Attorney’s failure to

“comply with the Rules of Civil Procedure . . . was not fatal.” Id. at 609, 548 S.E.2d

at 754.

 12
 IN RE WASHINGTON COUNTY SHERIFF’S OFFICE

 BERGER, J., dissenting in separate opinion

 This Court ultimately held that the superior court erred in ordering the release

of the police officer’s personnel files. We found the superior court had failed to

“implement and follow procedures which ‘effectively and practically . . . effectuate[d]

the intent of [Section 160A-168],’ that an officer’s files remain confidential. . . .” where

“[t]he petitions were unsworn, not accompanied by any affidavits or other similar

evidence, and amounted to nothing more than [the District Attorney’s] own opinion—

that the disclosure of the officers’ files was ‘in the best interest of the administration

of justice.’ ” Id. at 611, 548 S.E.2d at 755 (citation omitted).

 Similar to Albemarle Mental Health and Brooks, the prosecutor here filed the

State’s Ex Parte Motion for In Camera Review of Investigative Report and for

Protective Order (State’s Ex Parte Motion) in recognition of an underlying duty—in

those cases, to investigate and prosecute an alleged crime, here, to disclose

information pursuant to Brady, Giglio, and the Rules of Professional Conduct.

 In this case, the criminal investigative file consists of investigation report

forms, victim and witness statements, supplementary investigation reports, suspect

interview notes, arrest warrants, arrest reports, release orders, DNA collection forms,

fingerprint cards, suspect photos, and lineup related materials “that [were] compiled

by [the Washington County Sheriff’s Office] for the purpose of” solving a home

invasion and alleged assault with a deadly weapon. N.G. Gen Stat. § 132-1.4(b)(1).

Under the plain language of Section 132-1.4, these records are law enforcement

 13
 IN RE WASHINGTON COUNTY SHERIFF’S OFFICE

 BERGER, J., dissenting in separate opinion

“[r]ecords of criminal investigations” subject to disclosure “by order of a court of

competent jurisdiction.” N.C. Gen. Stat. § 132-1.4(a).

 However, the legislature failed to specify the exact
 procedure required to obtain such an order, or whether
 such an order could be sought without first filing a civil or
 criminal action. As in the case of [Albemarle] Mental
 Health [], the legislature’s failure to provide for the proper
 procedure did not negate the Superior Court’s authority,
 granted by [Section 132-1.4], to order the disclosure of the
 [law enforcement investigation files]. For there is “nothing
 inherent in the wording of [Section 132-1.4] that would
 prohibit the court in the proper administration of justice
 from requiring disclosure prior to the initiation of criminal
 charges or the commencement of a civil action.”
 [Albemarle] Mental Health Center, 42 N.C. App. at 297, 256
 S.E.2d at 822. As such, this is one of those “extraordinary
 proceedings” in which the Superior Court was required to
 exercise “its inherent or implied power for the proper
 administration of justice” and fashion an order allowing for
 the disclosure of the records pursuant to [Section 132-1.4].
 Id. at 296, 256 S.E.2d at 821.

 Like the proceeding[s] in [Albemarle] Mental Health [] [and
 Brooks,] the proceeding in the present case was a “special
 proceeding,” in that it was not “an action [] in an ordinary
 proceeding in a court of justice, by which a party prosecutes
 another party for the enforcement or protection of a right,
 the redress or prevention of a wrong, or the punishment or
 prevention of a public offense.” N.C. Gen. Stat. § 1-2 (1999);
 see also N.C. Gen. Stat. § 1-3 (1999) (stating that actions
 not defined in section 1-2 are “special proceedings”).
 Unlike the statute discussed in [Albemarle] Mental Health
 [], the statute at issue in the present appeal does not
 specify which division of court is authorized to issue the
 order allowing disclosure. However, our General Statutes
 mandate that the Superior Court “is the proper division,
 without regard to amount in controversy, for the hearing
 and trial of all special proceedings.” N.C. Gen. Stat. § 7A-

 14
 IN RE WASHINGTON COUNTY SHERIFF’S OFFICE

 BERGER, J., dissenting in separate opinion

 246 (1999). Although [the district attorney] did not comply
 with the Rules of Civil Procedure, see N.C. Gen. Stat. § 1-
 393 (1999) (stating that Rules of Civil Procedure apply to
 special proceedings), like the DA’s actions in [Albemarle]
 Mental Health [], such failure was not fatal to his [motion].

Brooks, 143 N.C. App. at 608-09, 548 S.E.2d at 753-54.

 In both Albemarle Mental Health and Brooks, this Court held that the superior

court had “jurisdiction to proceed and to determine the merits, rights and duties of

the parties,” in a special proceeding that was “not commenced pursuant to our

statutory requirements for initiating a civil action.” Albemarle Mental Health, 42

N.C. App. at 295-96, 256 S.E.2d at 820-21; see also Brooks, 143 N.C. App. at 609, 548

S.E.2d at 754 (“Although [the District Attorney] did not comply with the Rules of Civil

Procedure, . . . such failure was not fatal to [his] petitions.”).

 Here, Section 132-1.4 provides that a court of competent jurisdiction may order

the release of certain records. N.C. Gen Stat. § 132-1.4. However, Section 132-1.4

does not grant any individual a property or privacy interest in the content of criminal

investigative files, or procedural safeguards surrounding disclosure of the

information contained therein.

 In addition, the underlying purpose of seeking the superior court’s ex parte

review and ultimate disclosure should be a relevant consideration. In Brooks, the

evidence was necessary to allow the trial court to “make an independent

determination as to whether the interests of justice require[d] disclosure of the

confidential employment information.” Brooks, 143 N.C. App. at 612, 548 S.E.2d at

 15
 IN RE WASHINGTON COUNTY SHERIFF’S OFFICE

 BERGER, J., dissenting in separate opinion

755. Such is the case here. The prosecutor was seeking an independent judicial

determination as to whether or not the criminal investigative file contained

Brady/Giglio information subject to disclosure. As noted above, all defendants have

a constitutional right to exculpatory and impeachment evidence. Here, the disclosure

of the evidence at issue is necessary to accomplish that constitutional requirement

and to serve the ends of justice for all criminal cases in which petitioner may be called

to testify.

 However, unlike in Brooks, the prosecutor in this case neither encouraged nor

discouraged disclosure of the criminal investigative file. Rather, as in Albemarle

Mental Health, the prosecutor requested that the court conduct an independent

review of the criminal investigative file to determine whether it should be disclosed

under Brady and Giglio. Contrary to petitioner’s argument, there was no additional

or different information necessary to allow the trial court to make an independent

judgment on disclosure of the criminal investigative file. The only question was

whether the evidence contained in the file could implicate Brady or Giglio concerns.

 The purpose of Section 132-1.4 is to limit access to criminal investigative files.

There are relatively few protections or procedural guarantees available to any

individual that provides or obtains information in a criminal investigation. The over-

arching concern is protecting the constitutional rights of criminal defendants. The ex

 16
 IN RE WASHINGTON COUNTY SHERIFF’S OFFICE

 BERGER, J., dissenting in separate opinion

parte motion here sought to do just that: protect the rights of future criminal

defendants by complying with legal and ethical requirements.

 Here, the trial court proceeded within the intent of Section 132-1.4 to limit

access to the file to appropriate parties and situations. The District Attorney’s Office

had a constitutional duty and ethical obligation to release the contents of this

particular criminal investigative file. The trial court acted pursuant to statutory

authority under Section 132-1.4 and followed a procedure consistent with the intent

of that statute.

 However, while the trial court had authority to order the release of the criminal

investigative files subject to its Giglio order, this Court is without jurisdiction to

reach the merits of petitioner’s claims. “Any party entitled by law to appeal from a

judgment or order of a superior or district court rendered in a civil action or special

proceeding may take appeal by filing notice of appeal with the clerk of superior court.”

N.C. Gen. Stat. § 1A-1, Rule 3 (2019).

 To appeal from a trial court to this Court, one must be an aggrieved party to

the proceeding from which he or she wishes to appeal. N.C. Gen. Stat. § 1-271 (2019);

see also Duke Power Co. v. Salisbury Zoning Bd. of Adj., 20 N.C. App. 730, 731-32,

202 S.E.2d 607, 608 (1974). Petitioner was not a party to the special proceeding,

which was initiated by the State’s ex parte motion. In addition, as touched on above,

petitioner has no recognized personal, privacy, or property interest in the contents of

 17
 IN RE WASHINGTON COUNTY SHERIFF’S OFFICE

 BERGER, J., dissenting in separate opinion

the criminal investigative file. While one certainly understands petitioner’s

preference that the file not be released pursuant to Brady and Giglio, the petitioner

was not a party to the proceeding within the meaning of our Appellate Rules. Thus,

we should “dismiss the appeal for want of jurisdiction.” Langley v. Gore, 242 N.C.

302, 303, 87 S.E. 2d 519, 520 (1955).

 18